MRS. MARY WILLINGHAM, WIDOW, AND MISS COTTIE B. WOODWARD, ADMINISTRATRIX OF THE ESTATE OF TOM WILLINGHAM, DECEASED, v. BRYAN ROCK & SAND COMPANY, TEXTILE INSURANCE CO., AND SALISBURY GRANITE INDUSTRIES, INC., SELF-INSURER.

(Filed 19 May, 1954.)

**1. Master and Servant § 55d—**

Objections and exceptions to the signing and to the rendition of the judgment and award of the Industrial Commission do not support an assignment of error that the award was erroneous because no claim was filed against appellant as required by G.S. 97-58, and the exceptions are insufficient to present to the Superior Court the sufficiency of the evidence to support the findings of the Industrial Commission, or any one of them, but presents the sole question whether the facts found by the Commission support the decision and award.

**2. Appeal and Error § 6c (2)—**

An exception to the signing and rendition of the judgment of the Superior Court affirming the award of the Industrial Commission presents the sole question of whether error in matters of law appear from the face of the record.

**3. Master and Servant § 45: Appearance § 2—**

Where the Industrial Commission, upon the hearing of a claim for compensation, joins another employer as an additional party defendant, notwithstanding that no notice or claim had been filed against such employer, *held:* The employer by appearing at the time and place of the hearing and stipulating that it was subject to the Compensation Act and joining in the hearing on the merits, makes a general appearance and submits itself to the jurisdiction of the Commission.

**4. Master and Servant § 40f—**

The evidence before the Industrial Commission *is held* sufficient to support the finding of the Industrial Commission that plaintiff's intestate, after the termination of his employment with one employer because of silicosis in the third degree, was employed by another employer for more than thirty working days, or parts thereof, within seven consecutive calendar months, and that he was last exposed to the hazards of the disease while in the employment of the second employer within the rule of liability under G.S. 97-57.

APPEAL by defendant Salisbury Granite Industries, self-insurer, from *Pless, J.,* at October Term, 1953, of ROWAN.

Proceeding under the North Carolina Workmen's Compensation Act, Chapter 97 of General Statutes, upon formal claim dated 21 December, 1950, filed with North Carolina Industrial Commission by Tom Willingham against Bryan Rock & Sand Company, employer, and its insurance carrier, for compensation, G.S. 97-57, for disablement from performing normal labor in the last occupation in which he was remuneratively em-

ployed, G.S. 97-54, because of the occupational disease of silicosis, G.S. 97-52 (26)—to which proceeding the hearing commissioner entered an order on 17 July, 1951, that Salisbury Granite Industries, Inc., of Salisbury, N. C., be made a party, and in which proceeding the claimant employee having died pending appeal of Salisbury Granite Industries, Inc., to the Full Commission, award is made to administratrix of the estate of claimant and to his dependent wife.

The case on appeal reveals these undisputed facts: (1) Tom Willingham was employed by Bryan Rock & Sand Company for fifteen or twenty years at its quarry at Woodleaf, in Rowan County, North Carolina. He was first examined by the Industrial Hygiene Section of the North Carolina State Board of Health in 1937 and at intervals through July of 1950. He was advised on 4 October, 1950, by letter from Dr. Otto J. Swisher, Jr., Chief, Industrial Hygiene Section, that the Advisory Medical Committee for the North Carolina Industrial Commission had reviewed all the physical examinations and X-rays so given to him by it through those years, and had arrived at a final diagnosis in his case "as that of silicosis in the third stage,"—and advised him that the Committee did not feel it advisable for him to continue in the dusty trades, and, that, therefore, the usual work card for further employment in any dusty trade or place where there was a dust hazard could not be issued to him. Copy of this letter was sent to, and received by the Industrial Commission on 10 October, 1950.

(2) Thereafter on 3 November, 1950, the Industrial Commission received a letter, dated 2 November, 1950, from attorney representing Tom Willingham, requesting that the case be set for hearing. Whereupon, on 24 November, 1950, the Industrial Commission furnished to the attorney copies of the Commission's Form No. 18, for his use in reporting the case. Thereafter on 27 December, 1950, the Commission received completed Form No. 18,—employee's first notice of accident to his employer, Bryan Rock & Sand Company, dated 21 December, 1950, signed by Willingham.

(3) Thereafter on 9 February, 1951, the Commission received from the Textile Insurance Company, High Point, North Carolina, compensation carrier for the Bryan Rock & Sand Company, an employer's report of claimant's alleged disability on account of silicosis, on which date of last exposure to dust was given as "12/22, 1950, 5 P. M."

(4) Thereafter on 25 June, 1951, the Industrial Commission sent to all parties then interested, due notice of hearing to be held in Salisbury, North Carolina, at 2 o'clock P. M., on 11 July, 1951, to determine what amount of compensation, if any, claimant was entitled to receive for silicosis. The case was called for hearing at said time and place,—present and appearing were attorney for claimant, and adjusters for defendants.

(5) Thereafter on 17 July, 1951, Robert L. Scott, Commissioner, entered an order which, after reciting appearances of attorney for claimant and of attorneys for defendants, reads as follows:

"When this case was called for hearing in Salisbury on 11 July, 1951, counsel for the parties conferred with the Hearing Commissioner and advised him that the claimant had left the employment of the defendant Bryan Rock & Sand Company in January, 1951; that since that time he has been employed during more than thirty working days by Salisbury Granite Industries, Inc., Salisbury; that it is the contention of counsel for both parties that the claimant may have been exposed to the hazards of silicosis within the meaning of the Act during that period, and for this reason counsel for both parties desired that Salisbury Granite Industries, Inc., and its carrier, if any, be made a party to this action. It is therefore

"Ordered that this case be continued at this time, that Salisbury Granite Industries, Inc., Salisbury, be made a party hereto, and that the case be reset upon the next visit of a Hearing Commissioner to Salisbury, due notice going to all parties at that time."

(6) The record on this appeal does not show that notice of the above order was served on Salisbury Granite Industries, Inc. But it does show that thereafter the Industrial Commissioner on 20 December, 1951, sent to Tom Willingham, employee, Bryan Rock & Sand Company, employer, Textile Insurance Company, insurer, and Salisbury Granite Industries, Inc., self-insurer, at their respective addresses, notice of a hearing to be held in the above case at (office of) Clerk Superior Court, Salisbury, N. C., at 9 o'clock A. M., on 9 January, 1952, by order of Commissioner Robert L. Scott to take additional evidence.

(7) Pursuant thereto, the case was heard before Deputy Commissioner W. Scott Buck at time and place shown in preceding paragraph,—attorney for claimant, attorneys for Bryan Rock & Sand Company and Textile Insurance Company, and attorneys for Salisbury Granite Industries, Inc., appearing. And the record shows:

(a) That defendant Bryan Rock & Sand Company, through its attorney, Mr. Wardlow, stipulated (1) that Tom Willingham was employed by it throughout 1949 and 1950 in North Carolina; (2) that Textile Insurance Company is the carrier for it; (3) that claimant's average weekly wage was $43.00; and (4) that the parties were subject to and bound by the terms of the Compensation Act.

(b) That the Salisbury Granite Industries, Inc., through its attorney, Mr. Hudson, Jr., stipulated that it is subject to the Act, and that it is a self-insurer; but that no stipulation is made at that time as to length of time Willingham worked for it.

And thereupon testimony was taken in respect to the periods during which Tom Willingham was employed by Bryan Rock & Sand Company

and by Salisbury Granite Industries, Inc., respectively, and as to the manner and character of his occupational exposure to silica or granite dust during those periods. And other witnesses including employees and quarry foreman of Salisbury Granite Industries were examined in respect to Willingham's occupational exposure to granite dust while employed by Salisbury Granite Industries, Inc. (The record shows that no objection was made to the hearing or to the taking of testimony.)

Thereafter the Deputy Commissioner hearing the case filed opinion, in which it is recited that the parties also stipulated that claimant had been exposed to silica dust in North Carolina for two years in the last ten years, and that he adopts stipulations of parties as findings of fact and conclusions of law, and that "based upon all of the competent evidence" he makes additional findings of fact, in pertinent part substantially as set forth hereinabove as uncontroverted facts; and, in respect to Salisbury Granite Industries, Inc., substantially the following:

That Tom Willingham was employed by Salisbury Granite Industries, Inc., from 1 February, 1951, to and through 27 June, 1951, as a flagman and general handy man at its quarry at Salisbury, N. C.; that between these dates he used drills in dry operations for short periods of time each day; that for more than thirty working days, or parts thereof, within seven consecutive calendar months he was injuriously exposed to the hazards of silicosis; that on 27 June, 1951, because of the disease of silicosis he became actually incapacitated from performing normal labor in the last occupation in which he was remuneratively employed; and that Salisbury Granite Industries, Inc., was made a party defendant to this cause by order filed by Commissioner Scott on 17 July, 1951.

And the said hearing commissioner also set forth conclusions of law in accordance with the above findings of fact,—holding, as a matter of law, (1) that the defendant Bryan Rock & Sand Company and its insurance carrier, Textile Insurance Company, must be discharged from liability to the plaintiff claimant, and (2) that "Salisbury Granite Industries, Inc., must be required to pay to the plaintiff claimant benefits prescribed by the Act."

And "based upon all of the findings of fact and conclusions of law," the said Hearing Commissioner entered an award, the pertinent portions of which are these (numbering supplied):

1. "The plaintiff's claim for compensation benefits as against Bryan Rock & Sand Company and its insurance carrier, Textile Insurance Company, is in all things denied, and the same dismissed.

2. "The defendant Salisbury Granite Industries, Inc., shall pay to the plaintiff compensation" as there specifically set forth.

Pursuant thereto the Commission entered formal award in accordance therewith. And only the Salisbury Granite Industries, Inc., through its

attorneys, in apt time, gave notice of appeal to the Full Commission, and requested review by it in respect to alleged errors on the part of the hearing commissioner:

"1. For that no claim has been filed against Salisbury Granite Industries, Inc., as required and contemplated by G.S. 97-58 (c).

"2. For that there was not sufficient evidence presented at the hearing to support the award in that no evidence was presented to support a finding that plaintiff was injuriously exposed to the hazards of silicosis while in the employ of Salisbury Granite Industries, Inc.

"3. For that there was no evidence upon which to base a finding that such exposure as did occur contributed in the slightest degree to plaintiff's disability and the award against this defendant is not justified under G.S. 97-57.

"4. For that none of the disability claimed by plaintiff arose out of or in the course of his employment by Salisbury Granite Industries, Inc.

"5. Should G.S. 97-57 be interpreted as imposing liability upon a second employer, where the total disability of the employee was sustained in a former employment, which are the facts in this case, then said section would be unconstitutional, as being in contravention and violation of the due process clauses of the Constitution of the United States and the Constitution of North Carolina."

(Note: The plaintiff did not appeal.)

Pending the appeal of Salisbury Granite Industries, Inc., to the Full Commission, it being made to appear that Tom Willingham had died, the Commission entered in this proceeding an order that Mary Willingham, widow of Tom Willingham, as his sole dependent, and Cottie B. Woodward, Administratrix of the estate of Tom Willingham, deceased, be and they were made parties plaintiff.

The case on appeal discloses that at hearing before the Full Commission on 20 January, 1953, there were present and appearing (1) attorney for plaintiffs, (2) attorneys for defendants Bryan Rock & Sand Company and Textile Insurance Company, and (3) attorneys for defendant Salisbury Granite Industries, Inc., and that (a) "counsel for all parties agreed that Mrs. Mary Willingham was the lawful wife and sole dependent of the deceased Tom Willingham"; (b) that "stipulations entered before and after the hearing before the Full Commission by all parties establish that Tom Willingham died 29 October, 1952, and that his widow is now a proper party to this action as a claimant claiming compensation for his death which is alleged to have resulted from silicosis," (c) and that "by stipulation entered subsequent to the hearing, it was established that Tom Willingham, the original claimant, died on or about 29 October, 1952, of pulmonary tuberculosis and cardiac failure of which silicosis in the third stage was the cause or contributing cause."

And the Full Commission concurred in and adopted the findings of fact and conclusion of the Deputy Commissioner against the Salisbury Granite Industries, Inc., on all grounds,—but amended same to conform to stipulation of the parties of the facts as to death of Tom Willingham, and cause of it,—and in respect to the widow being his sole dependent, and in respect to the administration upon his estate. Thereupon the Full Commission set out conclusions of law in the light of facts found, and as against Salisbury Granite Industries, Inc., awarded compensation to the administratrix for the period between 27 June, 1951, and 29 October, 1952, and thereafter to the widow subject to the statutory limitation of $6,000.00. G.S. 97-38, G.S. 97-41.

Thereafter in due time Salisbury Granite Industries, Inc., gave to the North Carolina Industrial Commission notice of its appeal to the Superior Court of Rowan County "for errors in findings of fact unsupported by any evidence in the record and for errors of law in the review made by the Full Commission on the 6th day of March, 1953 . . ."

The proceeding coming on to be heard at October Term, 1953, of Superior Court of Rowan County, and being heard upon the appeal by defendant Salisbury Granite Industries, Inc., from the award by the North Carolina Industrial Commission, and the presiding judge, being of opinion that the award should be affirmed, entered judgment in accordance therewith.

The record shows that "To the signing of the foregoing judgment affirming the award by the North Carolina Industrial Commission, defendant Salisbury Granite Industries, Inc., objects and excepts," and "objects to the entry and rendition of the judgment appearing in the record and excepts thereto and appeals to the Supreme Court," and assigns error.

*T. G. Furr for plaintiff, appellee.*

*R. E. Wardlow and Pierce & Blakeney for defendants Bryan Rock & Sand Company and Textile Insurance Company, appellees.*

*Linn & Shuford and Hudson & Hudson for defendant Salisbury Granite Industries, Inc., appellant.*

WINBORNE, J. At the outset let it be noted that no appeal was taken from the ruling of the North Carolina Industrial Commission that, upon the facts found by the hearing commissioner, and adopted by the Commission, it follows as a matter of law that the defendant Bryan Rock & Sand Company and its insurance carrier must be discharged from liability to plaintiff on his claim filed against it, and the claim be denied, and dismissed. So, this ruling is not presented for decision on this appeal. Indeed, attorney for claimant in brief filed here does not take issue with the ruling.

Now turning to appeal of Salisbury Granite Industries, Inc.: It is stated in brief of this appellant that the questions involved are these:

"I. Was notice given to and claim filed against the defendant, Salisbury Granite Industries, Inc., as required and contemplated by Section 97-58 of the General Statutes of North Carolina?

"II. If so, is there sufficient competent evidence in the record to support the award?"

These questions purport to be predicated upon assignments of error stated as follows: (1) "That the court erred in affirming and sustaining the award of the Industrial Commission for that no claim was filed against the defendant Salisbury Granite Industries, Inc., as required and contemplated by G.S. 97-58, and for that there is no evidence in the record to sustain the award, Exception No. 1, which is the defendant Salisbury Granite Industries, Inc.'s Assignment of Error No. 1 (R. pp. 53, 54, 55, 61, 62, 63)."

(2) "That the court erred in signing the judgment as appears in the record for that no claim was filed against the defendant Salisbury Granite Industries, Inc., as required and contemplated by G.S. 97-58, and for that there is no evidence in the record to sustain the award and the judgment of the court, Exception No. 2, which is the defendant Salisbury Granite Industries, Inc.'s Assignment of Error No. 2 (R. pp. 53, 54, 55, 61, 62, 63)."

However, the record and case on appeal fail to show exceptions as bases for these assignments. The exceptions to the award of the Full Commission are insufficient to present these matters to the Superior Court, and the exceptions to the judgment of the Superior Court are insufficient to present them to this Court. See *Worsley v. Rendering Co.,* and *Sugg v. Rendering Co.,* 239 N.C. 547, 80 S.E. 2d 467, and *Beaver v. Paint Co., post,* 328.

In the *Worsley case, Barnhill, C. J.,* recently restated the rules of procedure as approved in decisions of this Court as to appeals in Workmen's Compensation cases, (1) from the North Carolina Industrial Commission to the Superior Court, and (2) from the Superior Court to the Supreme Court. And in the *Beaver case, supra, Denny, J.,* amplifies the subject. What is so recently said in these cases is applicable to case in hand, and need not be rehashed. The decisions of this Court uniformly hold that when it is claimed that findings of fact made by the Industrial Commission are not supported by the evidence, the exceptions and assignments of error in relation thereto must specifically and distinctly point out the alleged error.

Hence on an appeal "for errors in findings of fact unsupported by any evidence in the record, and for errors of law in the review of the award by the Full Commission," as in the case in hand, the exceptions are too

general, and, therefore, are insufficient to challenge the sufficiency of the evidence to support the findings of the Commission or any one of them. Thus the appeal to the Superior Court presented for review the single question whether the facts found by the Commission support the decision and award. See *Greene v. Spivey,* 236 N.C. 435, 73 S.E. 2d 488; also *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351, and cases there cited.

And on the appeal to Supreme Court the exceptions to the signing and rendition of the judgment of Superior Court raise only the question as to whether error in matters of law appear upon the face of the record. See *Culbreth v. Britt Corp.,* 231 N.C. 76, 56 S.E. 2d 15, and cases cited. See also *Burnsville v. Boone, supra,* and cases cited. Indeed, error is not made to appear.

And while it may be doubted that the North Carolina Industrial Commission had authority under the North Carolina Workmen's Compensation Act, by which it was created, to make the Salisbury Granite Industries, Inc., a party defendant to the proceeding as originally instituted, since at that time claimant had not filed nor asserted claim against it. But be that as it may, the Salisbury Granite Industries, Inc., responding to notice of hearing to be held in Salisbury on 9 January, 1952, appeared at the time and place of the hearing, and stipulated that it was subject to the Workmen's Compensation Act, and joined in the hearing on the question as to whether its employment of Tom Willingham was his last injurious exposure to the hazard of silicosis within the meaning of G.S. 97-57. This amounted to a general appearance whereby it submitted itself to the jurisdiction of the Commission. And there is presented to this Court no exception in this respect. See *In re Blalock,* 233 N.C. 493, 64 S.E. 2d 848.

Moreover, the stipulation by all parties, entered before and after the hearing before the Full Commission establishing the facts that Tom Willingham was dead, and that "his widow is now a proper party to this action as a claimant claiming compensation for his death which is alleged to have resulted from silicosis" constitutes a waiver of any procedural defect in respect to filing of her claim. G.S. 97-58. And it is on her claim that award is made.

Finally, it may be noted that if the Salisbury Granite Industries, Inc., had had Tom Willingham examined as it was authorized to do under provisions of G.S. 97-60, no doubt it would have ascertained before employing him that he was affected with silicosis in the third stage. But having employed him, it is not amiss to say that a reading of the evidence offered on the hearing at Salisbury on 9 January, 1952, is sufficient to admit of the finding of fact made by the Industrial Commission in respect to his injurious exposure to silica or granite dust while employed by Salisbury Granite Industries, Inc.

For reasons stated, the judgment below is
Affirmed.