GEORGE E. FRADY, Employee, Plaintiff v. GROVES THREAD/GENERAL ACCIDENT INS. CO., and/or UNITED SPINNERS/HARTFORD INS. CO., Employers, Carriers, Defendants

No. 8110IC1006

(Filed 16 February 1982)

1. Master and Servant § 68— workers' compensation—disability from byssinosis—liability of employer at last injurious exposure

   Where plaintiff worked in cotton mills for some 23 years, plaintiff was then employed by defendant cotton processor for six months in 1966 and 1967, plaintiff was employed for the next six years by a synthetics processor, plaintiff became disabled in 1973 from byssinosis, a lung disease associated with cotton dust, there was evidence that plaintiff was already suffering from byssinosis symptoms when he went to work for defendant, and there was no evidence that employment in synthetics is associated with any occupational lung disease, defendant cotton processor is liable for plaintiff's full disability as his employer at the time of his last injurious exposure. G.S. 97-57.

2. **Master and Servant § 68 — workers' compensation — time of permanent disability**

   Testimony by plaintiff and by the examining physician regarding plaintiff's inability to work after 1973 provided sufficient support for a determination by the Industrial Commission that plaintiff became permanently disabled in 1973, although evidence that plaintiff was employed for two brief periods in 1978 might have supported a contrary finding.

3. **Master and Servant § 68 — workers' compensation — disability from byssinosis — allocation between occupational and non-occupational causes not required**

   The Industrial Commission did not err in finding that plaintiff was totally disabled due to exposure to cotton dust when the examining physician testified that plaintiff's lung condition was attributable about 50% to cigarette smoking, about 40% to cotton dust, and about 10% to synthetic dust and bronchial infections where the Commission found upon supporting evidence that, notwithstanding any non-occupational medical problems plaintiff might have had, he would have suffered no impairment of earning capacity but for his exposure to cotton dust.

4. **Master and Servant § 68 — workers' compensation — disability from byssinosis — injurious exposure to cotton dust**

   Evidence of plaintiff's exposure to some cotton dust over a period of several months during his employment with defendant, although in smaller quantities than in his former employments, and his subsequent disability due to byssinosis was sufficient to support a finding that plaintiff suffered injurious exposure during his employment with defendant.

5. **Master and Servant § 68 — workers' compensation — disability from byssinosis — benefits based on wages at time of disability**

   Although plaintiff was last employed by defendant employer in 1967, he was entitled to benefits for disability from byssinosis based on the wages he was earning from another employer when he became disabled in 1973. G.S. 97-2(5); G.S. 97-52.

APPEAL by plaintiff and defendants Groves Thread Company and General Accident Insurance Company from the North Carolina Industrial Commission. Opinion and Award entered 10 December 1980. Heard in the Court of Appeals 8 January 1982.

This action involves a claim by plaintiff for disability benefits under the Workers' Compensation Act for work related respiratory disease. Defendants are two of plaintiff's former employers and their insurers. Plaintiff and defendant Groves Thread are appealing.

*Hassell, Hudson & Lore, by Charles R. Hassell, Jr., for plaintiff appellee/cross-appellant.*

*Kennedy, Covington, Lobdell & Hickman, by William C. Livingston, for defendant appellants/cross-appellees.*

*Hatcher Kincheloe, Edward L. Eatman, Jr., and James F. Wood, III, for defendant appellees.*

ARNOLD, Judge.

Plaintiff was born in 1926 and began working in textile mills at the age of seventeen. For the next 23 years, he worked almost exclusively for Textiles, Inc., in the twisting departments of various cotton mills. In 1966, plaintiff was employed by defendant Groves Thread Company, another cotton processor, and worked as a twisting department employee for about six months during the period between 4 November 1966 and 2 August 1967. For the next six years, plaintiff was employed by defendant United Spinners Company, a synthetics processor.

While plaintiff had begun to experience breathing problems as early as 1958, he did not become disabled for purposes of the Act until 1973 since his earning capacity was not impaired until that date. *Watkins v. Central Motor Lines,* 279 N.C. 132, 181 S.E. 2d 588 (1971). Expert medical testimony indicated that plaintiff was suffering from symptoms of byssinosis, a lung disease associated with cotton dust. Plaintiff's lung condition was aggravated by cigarette smoking and by the dusty work environment at United Spinners to such an extent that the examining physician estimated plaintiff's condition was attributable about 50% to cigarette smoking, about 40% to cotton dust, and about 10% to synthetic dust and bronchial infections.

The deputy commissioner entered judgment and award for plaintiff, holding defendant Groves Thread Company liable for plaintiff's full disability as his employer at the time of his last injurious exposure. Plaintiff and Groves Thread appealed to the Full Commission, which adopted the deputy commissioner's award.

[1] Plaintiff's first assignment of error concerns the Commission's determination that his last injurious exposure occurred while he worked for Groves Thread Company. Plaintiff

notes that G.S. 97-57 assigns liability to the employer in whose employment the plaintiff suffered his "last injurious exposure" without regard for the length of time of that employment or the degree of injury suffered in that employment. He argues that the Commission's finding of fact no. 14, that ". . . there is no indication that plaintiff's byssinosis was contributed to or augmented to the slightest degree by exposure to only synthetic dust . . .," is unsupported by the evidence. Plaintiff contends that the Commission should have found his last injurious exposure to have been his employment at United Spinners, not his earlier employment at Groves Thread Company.

We agree that there is uncontroverted medical evidence in the record establishing that plaintiff's exposure to synthetic dust "played a part in his current condition." However, we find this error harmless as a matter of law since the record reveals no evidence whatsoever that employment in synthetics is associated with any occupational lung disease.

Plaintiff's confusion as to the basis for assigning employer liability where several factors have contributed to the plaintiff's disability is understandable. He has correctly stated the statutory rule that where an employee becomes disabled due to an occupational disease, and this disability is the cumulative result of multiple employments,

> . . . the employer in whose employment the employee was last injuriously exposed to the hazards of such disease . . . shall be liable. G.S. 97-57.

This was the rule under which the Commission assigned liability for plaintiff's disability to Groves Thread Company in spite of evidence that plaintiff was already suffering from byssinosis symptoms when he went to work for Groves, and that plaintiff was employed by Groves for only a few months, during which time he suffered relatively little injurious exposure. Inequitable as this result may be on the facts of this case, the rule serves to eliminate the need for complex and expensive litigation of the issue of relative contribution by each of several employments to a plaintiff's occupational disease. The possibility that some employers may bear a disproportionate share of the total liability for occupational disease is a problem for the legislature, not the

courts, to consider. *See Haynes v. Feldspar*, 222 N.C. 163 at 170, 22 S.E. 2d 275 (1942).

Where plaintiff's confusion apparently arises is in the meaning of "last injurious exposure" for purposes of the statute. It is true that an employer must take his employee as he finds him, and that the employer will be liable for the full extent of the employee's compensable injury even where a pre-existing condition substantially contributes to the degree of the injury. *Little v. Food Service*, 295 N.C. 527, 246 S.E. 2d 743 (1978). The threshhold requirement for *any* liability to attach, however, is the occurrence. of a compensable injury. The issue here, as it relates to the United Spinners, is not the proper degree of defendant's liability, but the existence of any basis for liability at all. We find that there is none since plaintiff does not suffer from an occupational disease associated with *this* employer's business. While plaintiff's condition apparently was compounded by his employment with United Spinners, this does not fulfill the requirement that the disability be "aggravated or accelerated *by an occupational disease*, or by an injury by accident arising out of and in the course of the employment." *Walston v. Burlington Industries*, 304 N.C. 670, 285 S.E. 2d 822 (1982). (Emphasis added.) An essential element of an occupational disease is that the "disease [be] due to causes and conditions which are characteristic of and *peculiar to* a particular trade, occupation or employment as distinguished from an ordinary disease of life to which the general public is equally exposed. . . ." *Morrison v. Burlington Industries*, 304 N.C. 1, 12, 282 S.E. 2d 458, 466 (1981). (Emphasis added.) In the present record, there is no evidence to indicate that the dusty conditions at United Spinners were peculiar to synthetics manufacture, or that they exposed employees to a risk of disease to which the general public is not exposed. Absent such evidence, there is no basis for liability.

[2] Plaintiff's remaining assignment of error concerns the correctness of the Commission's finding that he became permanently disabled in 1973. While evidence that plaintiff was employed for two brief periods in 1978 might have supported a contrary finding, the testimony of the examining physician and plaintiff's own testimony regarding his inability to work after 1973 provide sufficient support of the Commission's factual determination. Findings of fact by the Commission are conclusive on appeal if supported

by competent evidence. *Inscoe v. Industries, Inc.*, 292 N.C. 210, 232 S.E. 2d 449 (1977). Thus we find no error.

[3] Defendant Groves Thread Company, as its first assignment of error, contends the deputy commissioner erred in finding that plaintiff was totally disabled due to exposure to cotton dust. Relying on our Supreme Court's holding in *Morrison v. Burlington, supra*, Groves argues that where undisputed evidence attributes plaintiff's condition to a combination of occupational and non-occupational causes, the Commission is required to determine the portions of plaintiff's disease attributable to non-occupational causes. Groves contends that medical testimony showing that the condition of the plaintiff was due at least 50% to smoking brings the case within the scope of *Morrison* and entitles plaintiff to no more than 50% disability. While *Morrison* does stand for the principle that an employee's disability may be properly allocated between work related and non-work related infirmities, we feel Groves' reliance on *Morrison* is misplaced. The most obvious distinction between *Morrison* and the case at bar lies in the effect of the presumption favoring the Commission's findings of fact. In *Morrison*, the Commission had found as fact that the employee's disability resulted from two independent causes, only one of which was work related. The Supreme Court held that it was "bound by these findings though there [was] evidence to the contrary." 304 N.C. 1, 6, 282 S.E. 2d 458, 465 (1981). Similarly, we are bound by the Commission's findings here unless there exists no competent evidence in support thereof. Groves is correct, of course, in its assertion that plaintiff's *condition* had more than one cause. However, the issue here is not the extent to which the employee's medical *condition* was due to occupational causes, but rather the extent to which his *disability* was so caused. There was evidence from which the Commission might have found that the plaintiff was partially disabled by non-occupational causes such as cigarette smoking. Had the Commission so found, we would agree with defendants that allocation between occupational and non-occupational causes would be required and that plaintiff would be entitled to recover only that portion of his disability which was occupationally caused. *Hansel v. Sherman Textiles*, 304 N.C. 44, 283 S.E. 2d 101 (1981). However, there was also evidence to support the Commission's determination that notwithstanding any non-occupational medical problems plaintiff might have had,

he would have suffered no impairment of earning capacity but for his exposure to cotton dust. Absent impairment of an employee's earning capacity, there is no disability for purposes of the statute. *Watkins v. Motor Lines, supra.* Thus, the Commission correctly held, based on its conclusion that cotton dust exposure was the sole cause of plaintiff's disability, that he was entitled to maximum recovery. Indeed, a contrary holding would fly in the face of the established rule of law that a defendant must take the plaintiff as he finds him. While the Commission's findings and conclusions could be stated more clearly and logically, we find no prejudicial error.

[4]   Groves also argues that the Commission erred in finding that plaintiff suffered injurious exposure during his employment with Groves because there was no evidence that his condition worsened during that period. Although Groves' wet-twist process was designed to reduce the concentration of cotton dust in the air, there was evidence that plaintiff was still exposed to some cotton dust in his employment with Groves, albeit in smaller quantities and over a shorter period of time than in his former employments. Since byssinosis is a disease caused by the cumulative effect of exposure to cotton dust over a long period of time, this evidence was sufficient to fulfill the statutory requirement of exposure to the hazards of occupational disease. The only remaining question is whether the exposure at Groves was "injurious." We hold that plaintiff's exposure over a period of several months to the hazards of byssinosis and his subsequent disability due to byssinosis are sufficient to support a finding that the exposure was injurious. *See Haynes v. Feldspar, supra, Willingham v. Bryan Rock and Sand Co.,* 240 N.C. 281, 82 S.E. 2d 68 (1954).

[5]   Finally, Groves argues that the wording of the statute in effect in 1973 limits plaintiff to recovery based on his wages in the employment "in which he was working at the time of injury." G.S. 97-2(5). This is true. However, G.S. 97-52 explains that "[d]isablement or death of an employee resulting from an occupational disease . . . shall be treated as the happening of an injury by accident. . . ." Thus, since the time of injury is the time of disability in the case of occupational disease, plaintiff is entitled to benefits based on the wages he was earning in 1973, the year he became disabled. We find Groves' argument that it is being penalized un-

fairly for plaintiff's injury subsequent to his employment with Groves unpersuasive. The situation here is analogous to that in which plaintiff is injured in a non-work related accident as a direct result of an earlier, work related accident. This Court has held the employer liable for the second injury on those facts even where the original injury was not the *sole* cause of the second. *Starr v. Charlotte Paper Co.*, 8 N.C. App. 604, 175 S.E. 2d 342 (1970). The case at bar is comparable to *Starr* in that plaintiff suffered disability (*i.e.* injury) in 1973 as a direct and natural result of his earlier injurious exposure to cotton dust. As the last employer in whose employment plaintiff was so exposed, Groves Thread Company is statutorily liable.

Any error in the opinion and award of the Industrial Commission was not prejudicial.

Affirmed.

Judges MARTIN (Harry C.) and WELLS concur.