GEORGE E. FRADY, EMPLOYEE v. GROVES THREAD/GENERAL ACCIDENT INSURANCE COMPANY, AND/OR UNITED SPINNERS/HARTFORD INSURANCE COMPANY, EMPLOYERS, CARRIERS

No. 154PA82

(Filed 6 November 1984)

**Appeal and Error § 64— absence of majority vote—Court of Appeals decision undisturbed**

Where two members of the Supreme Court did not participate in the consideration or decision of a case, and of the remaining members of the Court there are not four votes either to affirm or reverse the decision of the Court of Appeals, the decision is left undisturbed but should not be considered as having precedential value.

Justices MARTIN and FRYE did not participate in the consideration or decision of this case.

ON defendants Groves Thread and General Accident Insurance Company's petition for further review of a decision of the Court of Appeals, 56 N.C. App. 61, 286 S.E. 2d 844 (1982), affirming an award against them for total disability caused by chronic obstructive pulmonary disease.

*Hassell, Hudson and Lore, by Charles R. Hassell, Jr., for plaintiff appellee.*

*Kennedy, Covington, Lobdell and Hickman by William C. Livingston, for Groves Thread Company and General Accident Insurance Company, defendant appellants.*

*Hedrick, Feerick, Eatman, Gardner and Kincheloe by Edward L. Eatman, Jr. and James F. Wood, III, for United Spinners and Hartford Insurance Company, defendant appellees.*

PER CURIAM.

George Frady, employee-plaintiff, was employed during his entire working life from 1943 until 1973 in the textile industry. He worked in various textile mills, including those of the defendants Groves Thread and United Spinners. Eventually Frady, who smoked cigarettes and suffered from frequent lung infections, developed chronic obstructive lung disease which totally incapacitated him for work. After his employment with Groves Thread Frady worked until 1973 for United Spinners which processed only synthetic fibers. In 1978 he worked briefly at Liken Industries. Uncontradicted medical testimony is that although dust from synthetic fibers is not known to put workers at an increased risk of contracting chronic obstructive pulmonary disease, in Frady's case it "played a part in his current condition," as did his exposure to cotton dust, his cigarette smoking, and his chest infections.

Finding that Frady suffered from an occupational disease which caused him to become totally incapacitated for work in 1973 but concluding that under N.C. Gen. Stat. § 97-57 Frady suffered his last injurious exposure to the hazards of his disease at Groves Thread, the Commission awarded plaintiff compensation against Groves Thread and its insurer at the maximum rate provided by N.C. Gen. Stat. § 97-29 as it existed in 1973.

The Court of Appeals, in an opinion by Judge Arnold, concurred in by Judge Wells and Judge, now Justice, Harry Martin, concluded that the Industrial Commission's rulings were correct in all respects. We allowed Groves Thread and General Accident's petition for further review of these determinations.

Because he was a member of the Court of Appeals' panel whose decision is now under review, Justice Martin has taken no part in the consideration or determination of this case. Justice Frye has not participated in the case because he was not a member of the Court when the case was argued. Of the remaining members of the Court there are not four votes either to affirm or reverse the decision of the Court of Appeals. Therefore this

decision is left undisturbed but should not be considered as having precedential value.

Affirmed.

Justices MARTIN and FRYE did not participate in the consideration or decision of this case.