The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lorrie L. Dollar. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act and the employment relationship existed between the parties at the relevant time.
2. The parties stipulated 11 pages of medical reports by Dr. Devine; 13 pages Defendant's Answers to Interrogatories; and 8 pages of reports of Dr. James O'Leary into the record.
3. The issues for determination are:
 a. Whether plaintiff suffered an occupational disease which arose out of the course and scope of her employment;
 b. Whether plaintiff's condition proximately augmented to some degree, however slight, in the course of her employment with defendant, such that defendant is the responsible under N.C. GEN. STAT. § 97-57; and
 c. If plaintiff sustained a compensable occupational disease, what is the extent of her disability.
4. The plaintiff's average weekly wage was $164.47, which yields a compensation rate of $109.65.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, the plaintiff was a 55 year old married female with an 11th grade education. The plaintiff had worked for approximately 16 years in different sewing factories as a sewing machine operator. This type of work required the plaintiff to constantly use her hands in a repetitive motion to sew garments.
2. In 1990, the plaintiff began to experience pain in her hands and she went to Dr. Leibert Devine, who was her family doctor. On or about November 6, 1990, Dr. Devine diagnosed the plaintiff as having bilateral carpal tunnel syndrome. Under doctor's recommendation, the plaintiff left the sewing job.
3. In November of 1991, the plaintiff began working for defendant Chowan Hospital as an in-home car provider. Plaintiff's duties involved helping elderly clients at their homes in performing errands, personal grooming, housekeeping, and other duties related to activities of daily living.
4. In April of 1993, the plaintiff was assigned to provide in-home care for Daisy Downing, a 93 year old client. Ms. Downing had a habit of regularly spilling things on the floor and of placing pots on the stove or in the oven and forgetting about them until they began to burn.
5. The plaintiff prepared Ms. Downing's meals in the afternoon, and Ms. Downing would reheat them in the evening. About two or three times per week, the plaintiff would report to work to find that Ms. Downing had burned foods in the pots. The plaintiff would scrub and scour the pots to clean them. The plaintiff also mopped Ms. Downing's floors almost on a daily basis, due to the frequent spills. As a result of the frequent cleaning and scrubbing, the plaintiff noticed her hands began to tingle and hurt again.
6. In December of 1993, Ms. Downing burned a roaster pan. The plaintiff reported this incident to Sharon White, who was her supervisor. The plaintiff experienced pain in her hands after attempting to clean the roaster, and she also advised Ms. White of this problem.
7. Ms. White authorized the plaintiff to go home early if necessary, which the plaintiff did on a number of occasions.
8. In January of 1994, the plaintiff returned to Dr. Devine as a result of the hand pain. On January 26, 1994, the plaintiff underwent nerve conduction studies which confirmed bilateral carpal tunnel syndrome, which was markedly worse on the right.
9. On February 21, 1994, the plaintiff was seen by Dr. James O'Leary, a general surgeon, upon referral from Dr. Devine. On February 24, 1994, Dr. O'Leary performed right carpal tunnel release surgery. Following surgery, the plaintiff returned to Dr. O'Leary with complaints of stiffness and swollen fingers and hand, with a decreased range of motion.
10. Dr. O'Leary has opined that the original condition (of bilateral carpal tunnel syndrome in 1991) sensitizes it to exacerbation with much milder activity than whatever might have caused it initially. He also indicated that based on the history given by the plaintiff, it was likely that the scrubbing activity reactivated her condition.
11. The plaintiff has not worked since February of 1994 when she left her job to undergo surgery she has not reached maximum medical improvement , and has not been released from her doctor's care.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff sustained an occupational disease which arose out of and in the course of her employment, was peculiar to her employment as an in-home care giver for a 93 year old client, and the plaintiff was at a greater risk of contracting the disease as a result of her employment. N.C. GEN. STAT. § 97-53 (13).
2. N.C. GEN. STAT. § 97-57 provides that the employer in whose employment the employee was last injuriously exposed to the hazards of the occupational disease and the carrier on the risk at that time shall be liable.
3. An employer must take the employee as he finds him, and will be liable for the full extent of the employee's compensable injury even where a preexisting condition substantially contributes to the degree of the injury. Frady v. Groves Thread,56 N.C. App. 61, 286 S.E.2d 844, cert. granted, 305 N.C. 585,292 S.E.2d 570 (1982), aff'd., 312 N.C. 316, 321 S.E.2d 835 (1984).
4. The plaintiff is entitled to temporary total disability compensation at the rate of $109.65 per week, from the date she last worked until she returns to work or until subsequent order of the Commission.
5. The plaintiff is entitled to such medical care as provides relief, effects a cure, or lessens her period of disability.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to the attorney's fee hereinafter approved, the defendants shall pay temporary total disability from February 25, 1994 until such time as the plaintiff returns to work or until further orders of the Commission. Said compensation shall be paid at the weekly rate of $109.65, and those sums which have accrued shall be payable in a lump sum.
2. A reasonable attorney's fee of twenty-five percent of the compensation shall be deducted from sums due plaintiff and paid directly to plaintiff's counsel. Thereafter, every fourth check shall be paid directly to counsel.
3. Defendants shall pay medical expenses incurred or to be incurred as a result of this condition which tends to effect a cure, provide relief, or lessen the period of disability.
4. Defendants shall pay the costs, including the expert witness fee of $185.00 to Dr. James F. O'Leary.
FOR THE FULL COMMISSION
 S/ ___________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/mj 8/31/95