The majority in the case before us has erred in denying plaintiff's claim for asbestosis and asbestos-related pulmonary disease. The majority, in its Opinion and Award, stated that plaintiff failed to establish that he was last injuriously exposured to the hazards of asbestos during his employment with defendant-employer. See N.C. Gen. Stat. § 97-57. However, an examination of the evidence of record makes it clear that plaintiff was sufficiently exposed to the hazards of asbestos "for as much as 30 working days, or parts thereof, within seven consecutive calendar months," as set forth in N.C. Gen. Stat. § 97.57.
Plaintiff worked for defendant-employer as an insulation repairman from 1983 through February 2000, when he retired. During those seventeen years, plaintiff's job consisted mostly of removing old insulation and replacing it with new insulation. (T. at p. 73 77). Plaintiff also repaired insulation on the many tanks located in defendant-employer's facility. (T. at p. 82). As plaintiff removed the insulation from pipes and tanks, insulation dust would be released into the air. (T. at p. 83-84). In addition to repairing the pipes and tanks, plaintiff was instructed by defendant-employer to collect samples of insulation material from various places in the facility so that such samples could be tested for asbestos-containing materials. (T. at p. 89). Many of the pipes and tanks upon which plaintiff worked were later labeled with "asbestos-containing" warning signs. (T. at p. 93). In fact, upon examining asbestos surveys of defendant-employer's facility made during the 1990's, plaintiff testified that he had worked on pipes in most of the areas that were labeled as asbestos-containing. (T. at p. 95). In the late 1990's, plaintiff observed asbestos removal crews, who were contracted by defendant-employer, as they removed asbestos from pipes and tanks upon which the plaintiff had previously worked. (T. at p. 95-96). Given the above facts, it is difficult to deny that plaintiff was sufficiently exposed to asbestos-containing materials in defendant-employer's facility for as much as 30 working days, or parts thereof, within seven consecutive calendar months, as set forth in N.C. Gen. Stat. § 97.57.
Although the majority recognized that plaintiff has provided competent evidence of his development of asbestosis, it concluded that plaintiff's exposure to asbestos was more likely during his employment prior to working for defendant-employer. Indeed, there is evidence that plaintiff was likely exposed to asbestosis through a variety of past employments; however, N.C. Gen. Stat. § 97-57 does not require plaintiff to look to past employers for compensation, rather "the employer in whose employment the employee was last injuriously exposed . . . shall be liable." N.C. Gen. Stat. § 97-57. In this case, plaintiff's employment with defendant-employer constitutes his last injurious exposure to asbestos. As the North Carolina Court of Appeals explained inFrady v. Groves Thread/General Accident Ins. Co., 56 N.C. App. 61,286 S.E.2d 844, aff'd 312 N.C. 316, 321 S.E.2d 835 (1984), the possibility that some employers may bear a disproportionate share of the total liability for occupational disease is a problem for the legislature, not the courts, to consider.
Additionally, the majority erred in contending that even if the tanks and pipes upon which plaintiff worked actually contained asbestos, such exposure would have been insufficient to cause asbestosis. However, exposure to a substance that can cause an occupational disease can be deemed a last injurious exposure to the hazards of such disease under N.C. Gen. Stat. § 97-57, even if the exposure in question is so quantitatively slight that it could not in itself have produced the disease. Caulder v. Mills, 314 N.C. 70, 331 S.E.2d 646 (1985). Thus, the fact that plaintiff's exposure to asbestos during his employment with defendant-employer may not have been of such degree in itself to produce the disease of asbestosis, defendant-employer is still liable for the last injurious exposure.
Finally, the majority erred in concluding that even if defendants were liable to plaintiff for his development of asbestosis and asbestos-related pleural disease, plaintiff is not due compensation because he retired early and was unable to work not as a consequence of his asbestosis, but rather as a result of his chronic obstructive pulmonary disease (COPD) and emphysema caused by smoking. However, it is well-settled that an employer must take his employee as he finds him, and will be liable for the full extent of the employee's compensable injury even where a pre-existing condition substantially contributes to the degree of the injury. See Frady, 56 N.C. App. 61. Thus, the fact that plaintiff's asbestosis is augmented by his pre-existing COPD and emphysema should not be a bar to compensation.
For these reasons, I respectfully dissent from the majority's Opinion and Award, as plaintiff's employment with defendant-employer constituted his last injurious exposure to asbestos, pursuant to N.C. Gen. Stat. § 97-57. Thus, plaintiff's claim for asbesosis and asbestos-related pleural disease should be granted.
 S/_____________ THOMAS J. BOLCH COMMISSIONER