WARREN G. NEAL, PLAINTIFF v. LESLIE FAY, INC. AND/OR BURLINGTON INDUSTRIES, AND/OR DORA YARN MILL, DEFENDANT, AND AMERICAN MOTORISTS INSURANCE COMPANY AND/OR LIBERTY MUTUAL INSURANCE COMPANY, AND/OR STANDARD FIRE INSURANCE COMPANY, CARRIER-DEFENDANT

No. 8410IC1083

(Filed 3 December 1985)

1. **Master and Servant § 68— workers' compensation—recovery for chronic obstructive lung disease**

 When exposure to cotton dust is an insignificant causal factor in, or does not significantly contribute to, the development of a disabling lung disease, it is not an occupational disease within the purview of N.C.G.S. 97-53(13) and no compensation is due therefor; but when the exposure to cotton dust significantly contributed to, or is a significant causal factor in, the development of a disabling lung disease, it is an occupational disease and compensation for the full extent of the disability is due.

2. **Master and Servant § 68— workers' compensation—chronic bronchitis as occupational disease—insufficient findings and conclusions**

 Plaintiff's claim to recover workers' compensation for chronic obstructive lung disease is remanded for redetermination upon appropriate findings of fact and conclusions of law where the Industrial Commission made inconsistent findings concerning plaintiff's last injurious exposure to cotton dust, the Commission's findings as to occupational exposure and its effects were incomplete, and the Commission made contradictory conclusions of law that plaintiff has an occupational disease, chronic bronchitis, which was in part precipitated, aggravated and accelerated by his employment in the cotton textile industry and that plaintiff is not temporarily or permanently disabled, in whole or in part, by reason of his occupational disease.

 Judge EAGLES concurs in the result.

APPEAL by plaintiff from the opinion and award of the North Carolina Industrial Commission filed 4 April 1984. Heard in the Court of Appeals 8 May 1985.

Plaintiff's claim is for a disabling lung disease allegedly caused by his exposure to cotton dust while subject to the Workers' Compensation Act. After various hearings Deputy Commissioner Linda Stephens entered an opinion and award denying plaintiff's claim, though it was concluded that part of his disabling chronic obstructive lung disease was caused by his employment in the textile industry. Upon appeal the Deputy Commissioner's findings and conclusions were adopted by the Full Commission and the decision denying relief was affirmed.

The record and the findings show that: When the claim was filed plaintiff was fifty-nine years old, has a ninth grade education, and no training or job skills except those of a textile industry worker for more than thirty years. From 17 January 1949 to 12 April 1968 he worked in the spinning and carding departments of Dora Yarn Mill where only cotton materials and cotton blends were processed at first and only synthetic materials thereafter. From 22 April 1968 until 28 March 1969 he worked as a spinning doffer at Burlington Industries, where cotton blends were processed part of the time and synthetics the rest. And from 31 May 1969 until 4 January 1980, when he became totally and permanently disabled, he worked in the finishing department of Leslie Fay, Inc., either dry cleaning or finishing knitted and woven cloth, some of which was cotton, some wool, some synthetic, and some blends. When he operated the dry cleaning machine he had to fill it periodically with 20 to 30 gallons of perchloroethylene, a chemical known to produce nervous depression, liver impairment and irritation of the skin, eyes, nose and throat. He first experienced breathing problems, shortness of breath and chest tightness in the 1960's while working at Dora Mill and he developed a cough while working at Burlington Industries. His respiratory difficulties worsened at Leslie Fay where he experienced chest tightness, pain, wheezing, shortness of breath and a productive cough every day, because of which he had to quit working on 4 January 1980. At that time plaintiff was totally and permanently disabled because of chronic obstructive pulmonary disease with components of chronic bronchitis and emphysema. The Commission found that at least one-half of his impairment is due to emphysema and that the emphysema "is due exclusively to his cigarette smoking." Plaintiff, who started smoking in the late 1950's, testified that he stopped smoking in 1968, but other evi-

dence indicated that he did not stop until 1980. The Commission also found that his "exposure to cotton dust" caused part of his chronic bronchitis, smoking caused the rest, and the portion caused by cigarette smoking "was aggravated and accelerated by his exposure to cotton dust." Based on these and other findings the Commission concluded that plaintiff's chronic bronchitis was an occupational disease pursuant to G.S. 97-53(13), but that no part of his disability was due to it.

*Frederick R. Stann for plaintiff appellant.*

*Golding, Crews, Meekins, Gordon & Gray, by Michael K. Gordon, for defendant appellees Leslie Fay, Inc. and American Motorists Insurance Company.*

*Hedrick, Eatman, Gardner & Kincheloe, by J. A. Gardner, III and Hatcher B. Kincheloe, for defendant appellees Burlington Industries and Liberty Mutual Insurance Company.*

*Underwood, Kinsey, Northey & Linn, by Kenneth S. Cannaday and John H. Northey III, for defendant appellees Dora Yarn Mill and Standard Fire Insurance Company.*

PHILLIPS, Judge.

Since, as the trier of fact, the Industrial Commission has the same prerogatives as a jury in weighing evidence, appeals from the Commission often raise but two legal questions: Are the Commission's findings of fact supported by competent evidence? And do the findings support the Commission's conclusions of law and decision? 8 Strong's N.C. Index 3d, *Master and Servant* Sec. 96 (1977); *Hansel v. Sherman Textiles*, 304 N.C. 44, 283 S.E. 2d 101 (1981). Though this appeal raises these questions they cannot be determined because the Commission's findings of fact and conclusions of law are inconsistent and contradictory, some of which support and some of which undermine the decision made, and the findings are also incomplete because the proper legal standard was not applied to the evidence. The contradictory findings are not in regard to plaintiff being totally and permanently disabled due to an impaired and diseased breathing system; or in regard to the impairment being caused by chronic obstructive pulmonary disease with components of chronic bronchitis and emphysema; or in regard to at least one-half of the impairment being due to em-

physema, which is "due exclusively to his cigarette smoking"; or in regard to plaintiff being exposed to cotton dust when he worked for Dora Mill and Burlington Industries, but not when he worked at Leslie Fay. These findings, each supported by evidence, are all of a piece and thus have been set at rest. The contradictions are in the findings and conclusions concerning the other component of plaintiff's chronic obstructive pulmonary disease, chronic bronchitis, and its causal relationship to his employment.

[1, 2]  After finding that plaintiff was "exposed to respirable cotton dust in his employment with Dora Yarn Mill and Burlington Industries," the Commission found on the one hand that his "chronic bronchitis is due in part to his occupational exposure to cotton dust . . . [which] was an etiologic factor in the incipience and development of such disease process," and that the other part caused by cigarette smoking "was aggravated and accelerated by his exposure to cotton dust"; but found on the other hand that plaintiff's exposure to cotton blends or dust at Burlington Industries and Dora Yarn Mill "did not augment his lung disease process to any degree." Both of these findings cannot be. If part of plaintiff's chronic bronchitis, a component of his chronic obstructive pulmonary disease, is due to "occupational exposure to cotton dust" and cotton dust was a factor in the "incipience and development of such disease process," it necessarily follows that the disease's development was augmented by his exposure to cotton dust while in the employment of Burlington Industries and Dora Yarn Mill, as those are the only places where plaintiff was exposed to cotton dust, according to the Commission's findings. The Commission's findings as to occupational exposure and its effects are also incomplete, because if any part of plaintiff's chronic obstructive lung disease was occupationally caused or aggravated, as the findings state, the Commission was required to determine whether "the worker's exposure to cotton dust significantly contributed to, or was a significant causal factor in, the disease's development." *Rutledge v. Tultex Corp.*, 308 N.C. 85, 101, 301 S.E. 2d 359, 369-70 (1983). For *Rutledge* (decided after the Deputy Commissioner's opinion and award in this case, it should be said) lays down the following rule for determining chronic obstructive lung disabilities which, as in this case according to the Commission's findings, are caused in part by occupational exposure to cot-

ton dust and in part by some other cause or causes unrelated to the employment: When exposure to cotton dust is an insignificant causal factor in, or does not significantly contribute to, the development of the disabling lung disease, it is not an occupational disease within the purview of G.S. 97-53(13) and no compensation is due therefor; but when the exposure to cotton dust significantly contributes to, or is a significant causal factor in, the development of a disabling lung disease it is an occupational disease and compensation for the full extent of the disability is due. Measured against this rule or standard the Commission's two conclusions of law in this case are also contradictory and inconsistent, as one is that plaintiff has an occupational disease, chronic bronchitis, which was in part "precipitated and aggravated and accelerated" by his employment in the cotton textile industry, while the other is that plaintiff "is not disabled, in whole or in part, temporarily or permanently, by reason of his occupational disease." Under the rule of *Rutledge* if cotton dust significantly contributed to the development of plaintiff's disabling lung condition he has an occupational disease for which compensation is due, but if cotton dust did not significantly contribute to the development of his lung impairment he has no occupational disease and compensation is not due. Thus, the opinion and award of the Industrial Commission must be and is vacated and the case is remanded for re-determination upon appropriate findings of fact and conclusions of law, made in accordance with the provisions of this opinion and the rule laid down in *Rutledge v. Tultex Corp.*, *supra* as above and hereafter interpreted.

If, upon remand, the Commission concludes that plaintiff has an occupational disease within the purview of the *Rutledge* rule, it will then have to determine in which employment plaintiff was "last injuriously exposed to the hazards of such disease," G.S. 97-57; *Rutledge v. Tultex Corp., supra; Haynes v. Feldspar Producing Co.*, 222 N.C. 163, 170, 22 S.E. 2d 275, 279 (1942), and award compensation accordingly. In chronic obstructive lung disease cases the last injurious exposure to "the hazards of such disease" is not necessarily limited to cotton dust; it can be to other conditions that enhance or augment the disease process and the worker's condition to any extent. In *Caulder v. Waverly Mills*, 67 N.C. App. 739, 314 S.E. 2d 4 (1984), *aff'd*, 314 N.C. 70, 331 S.E. 2d 646 (1985), the last injurious exposure to the hazards of plaintiff's

chronic obstructive lung disease was held to be dust from synthetic materials processed in the defendant's mill. Thus, if such a determination has to be made, and the evidence warrants and the Commission is so inclined, it could be found that plaintiff's last injurious exposure to the hazards of his chronic obstructive lung disease was to cotton or synthetics dust in the Dora Yarn Mill, to cotton or synthetics dust in Burlington Industries' mill, or to dry cleaning fluid or possibly other substances in Leslie Fay. As noted in *Rutledge* and other decisions, it is not necessary that the last injurious exposure to the hazards of chronic obstructive lung disease either caused or significantly contributed to the occupational disease; it is enough if the exposure augmented the disease to any extent whatever.

The Commission's conclusion that plaintiff is not disabled by reason of the occupational disease that it found appears to be based, in part at least, upon its findings that the impairment not resulting from emphysema was "due to the progression of his lung disease between 1969 and 1980," and that the "progression of his lung disease during such period of time is due to factors other than either of his occupational exposures." As we understand the *Rutledge* rule as it applies to plaintiff's chronic obstructive lung disease, the disease's progression is not the test of compensability; rather, the test is whether the occupational exposure significantly contributed to the disabling disease's development. Since that test has not been applied to the evidence and little, if any, of the testimony presented was addressed to it, upon remand if any of the parties so desire evidence bearing thereon should be received, along with evidence on any other subject material to the case that the Commission deems appropriate.

Vacated and remanded.

Judge BECTON concurs.

Judge EAGLES concurs in the result.