STEVEN R. YELVERTON EMPLOYEE-PLAINTIFF v. KEMP FURNITURE COMPANY (KEMP FURNITURE INDUSTRIES, INC.), EMPLOYER-DEFENDANT AND AMERICAN MUTUAL INSURANCE COMPANY, INSURANCE CARRIER-DEFENDANT

No. 8010IC959

(Filed 5 May 1981)

1. **Master and Servant § 94.3– workers' compensation – hearing by full commission – no hearing de novo**

    On appeal to the full Industrial Commission, plaintiff was not entitled to a hearing and consideration of his case de novo since plaintiff at no time filed

a written request, supported by affidavit, setting forth the grounds for a hearing de novo.

**2. Master and Servant § 59– workers' compensation – assault by fellow employee – no compensable accident**

　　Evidence was sufficient to support the finding of the Industrial Commission that an accident to plaintiff did not arise out of and in the course of his employment where such evidence tended to show that plaintiff left his work area with the expressed purpose of going some sixty feet away to the end of an assembly line to harass a fellow employee; he was not going to the end of the line to accomplish any purpose connected with his employment; plaintiff threatened to "get" his fellow employee, called him "Boy," and spit in the employee's face; plaintiff then picked up a wooden post and held it over his shoulder in a threatening manner; and plaintiff's fellow employee then picked up a post and struck plaintiff with it when plaintiff came toward him.

APPEAL by plaintiff from Order of the North Carolina Industrial Commission entered 12 June 1980. Heard in the Court of Appeals 8 April 1981.

This is an appeal by plaintiff employee from an award of the North Carolina Industrial Commission finding and concluding as a matter of law that plaintiff appellant did not sustain an injury by accident arising out of and in the course of his employment. A deputy commissioner previously had heard the evidence offered by the parties and made findings and conclusions which were adopted and affirmed by the Full Commission. Plaintiff thereafter appealed to this Court from the Full Commission's award.

*Robert S. Cahoon for plaintiff appellant.*

*Johnson, Patterson, Dilthey & Clay, by Ronald C. Dilthey, for defendant appellees.*

HILL, Judge.

[1] Plaintiff appellant first assigns as error the Full Commission's denial of his request for a hearing and consideration of his case *de novo*.

The North Carolina Worker's Compensation Act provides:

If application is made to the Commission ... the full Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award: ... G.S. 97-85.

An appeal to the Full Commission does not automatically entitle the parties to a hearing *de novo* before the Full Commission. Rather, it is entirely proper for the Full Commission "to reconsider the evidence taken before the hearing commissioner without hearing the witnesses again *viva voce* and give it such consideration as they may deem proper." *Maley v. Furniture Co.*, 214 N.C. 589, 593, 200 S.E. 438 (1939).

The rules of the Commission make adequate provision for motions to rehear. Rule XXI(6) — Rules of the Industrial Commission provides,

> Ruling on a motion for a new hearing to take additional evidence will be governed by the general law of the state for the granting of new trials on the grounds of newly discovered evidence. Such motion must be written, supported by affidavit, and may be argued before the Full Commission at time of hearing on appeal.

At no time has the plaintiff filed a written request, supported by affidavit, setting forth the grounds for a hearing *de novo*. The Full Commission in its opinion and award recites that neither the record nor argument of counsel revealed any support for such a request and denied the request. In the absence of abuse of discretion by the Full Commission, the denial of plaintiff's request for a hearing *de novo* is not reviewable.

We note that in its Opinion and Award the Full Commission did more than dismiss the action for failure to observe the rules:

> The undersigned have reviewed the record, have considered the exceptions, and have read various memoranda of law supplied by counsel for both sides. In addition, due consideration has been given to oral argument by counsel for both sides when the matter was before the Full Commission.

> \* \* \* \* \* \* \* \*

> The undersigned are of the opinion that competent evidence is in the record to support the findings of fact, conclusions of law, and the Opinion and Award as filed by Deputy Commissioner Rush.

We find no merit to plaintiff's first assignment of error.

**[2]** Appellant argues in his next assignment of error that the Commission erred by finding and concluding that the findings of fact, conclusions of law, and the Opinion and Award filed by Deputy Commissioner Rush are supported by competent evidence. We do not agree with plaintiff.

An examination of the record reveals evidence that the plaintiff left his work station and went to the end of the line to harass Ricky Vick about some work that Vick had "messed up" a week or so before. At midnight, the workmen allowed the assembly line to clear up all work whereupon they took their break. During the break, Ricky Vick requested plaintiff not to continue to come down to the end of the line and "get on him." As the workmen went back to the assembly line after the midnight break, the plaintiff told a fellow worker that he was going to go back down to the end of the line and harass Ricky Vick some more. The plaintiff then left his assigned work station, walked some sixty feet to the end of the line where he started harassing Ricky Vick about money owed, threatening to "get him", calling him "Boy", and spitting in Ricky Vick's face. Thereafter, plaintiff picked up a wooden post and held it over his shoulder in a threatening manner. Ricky Vick then picked up a post and when plaintiff came toward him, Vick struck plaintiff with the post.

The Commission found from the evidence that the accident to the plaintiff did not arise out of and in the course of his employment. The plaintiff left his work area with the expressed purpose of going some sixty feet away to the end of the assembly line to harass Ricky Vick. He was not going to the end of the line to accomplish any purpose connected with his employment at Kemp Furniture Company. This is not a situation in which an unintentional dispute suddenly arose between two workmen over the manner in which they were to perform their work for their employer.

Findings of Fact made by the Industrial Commission are binding on appeal when supported by any competent evidence, even though there be evidence that would have supported a contrary finding. G.S. 97-86; *Petree v. Power Co.*, 268 N.C. 419, 420, 150 S.E. 2d 749 (1966); *Benfield v. Troutman*, 17 N.C. App. 572, 574, 195 S.E. 2d 75, *cert. denied*, 283 N.C. 392 (1973). The Commission is the judge of the credibility of witnesses and the

weight to be given to their testimony. While there is evidence that would have justified different findings of fact by the Commission — findings which would have supported conclusions of law favorable to the plaintiff appellant — it is well settled that finding facts is one of the primary duties of the Industrial Commission, and the Commission is the sole fact-finding agency in cases in which it has jurisdiction. *Morgan v. Furniture Industries, Inc.*, 2 N.C. App. 126, 127, 162 S.E. 2d 619 (1968), *citing Brice v. Salvage Co.*, 249 N.C. 74, 105 S.E. 2d 439 (1958). We hold that the Commission's findings, conclusions and award are supported by competent evidence. Plaintiff's assignment of error is overruled.

Finally, plaintiff contends the Full Commission erred in adopting and affirming the Opinion and Award of Deputy Commissioner Rush. The facts found by the Deputy Commissioner were adopted by the Full Commission as its own. Under G.S. 97-86, this award becomes conclusive and binding as to all questions of fact. The facts support the conclusions, and the conclusions support the Award and Opinion.

The Award and Opinion of the Full Commission is

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.