SALLIE M. THOMPSON, EMPLOYEE, PLAINTIFF v. BURLINGTON INDUSTRIES, EMPLOYER, AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

NO. 8110IC1420

(Filed 16 November 1982)

1. Master and Servant § 68— absence of occupational disease — supporting evidence

    The medical evidence supported a determination by the Industrial Commission that plaintiff suffers from asthma which was exacerbated by exposure to the conditions of her employment in a textile finishing plant but that she has no compensable occupational disease since she did not retain any permanent functional pulmonary impairment after she quit her job.

2. Master and Servant § 94.4— workers' compensation — refusal to hear newly discovered evidence — no abuse of discretion

    The Industrial Commission did not abuse its discretion in denying plaintiff's motion under G.S. 97-85 to present newly discovered evidence where such evidence consisted of medical evaluations which were consistent with medical testimony already before the Commission.

APPEAL by plaintiff from the North Carolina Industrial Commission opinion and award of 7 July 1981. Heard in the Court of Appeals 14 October 1982.

This case involves a claim by plaintiff for disability benefits under the Workers' Compensation Act. Plaintiff was employed in defendant's House of Fabric finishing plant as a ticket clerk in March 1965. She inspected rolls of cloth for eight years. The cloth was made of various fabrics including cotton, rayon, acetate, polyester and flax. She worked in a very dusty environment. The dust would get in plaintiff's eyes, clothes, and hair. There was no

dust collection system. The windows and doors in the plant remained closed, and the air-conditioning vents were often clogged with dust.

The Commission concluded that plaintiff did not incur any compensable disability and denied her claim. The Commission found the following facts which are pertinent to this appeal:

5. Prior to beginning her employment with the defendant employer, claimant had no respiratory problems. Claimant noted an initial onset of her respiratory problems in 1970 when she was out of work because of illness for a period of four weeks. Upon her return to work thereafter, she noted that upon breathing the dust within her employer's premises she would become ill.

From the inception of her respiratory problems, claimant was frequently tired on Monday, would start sneezing shortly after beginning work and by the end of the work week was tired. Her symptoms became more severe until October of 1976 when she again became ill noting symptomology in the nature of sneezing, her eyes running, chest tightness, hoarseness, cough and shortness of breath, at which time she was referred to Dr. Stevens in Greensboro and thereafter to Duke University.

6. In July of 1979 claimant was seen for pulmonary evaluation for possible byssinosis by Dr. D. Allen Hayes of Raleigh, a member of the Textile Occupational Disease Panel, giving a work history of having been employed as an inspector for a period of eleven and one-half years in the finishing room of the defendant employer and of seven years prior having begun to experience intermittent bouts of bronchitis with shortness of breath, temperature and sputum production. Claimant gave a further history of being frequently fatigued on Mondays when she first went to work and of developing sneezing and lacrimation shortly after exposure to dust and of being very tired and weak at the end of the work week and of shortness of breath which became more prominent toward the end of her employment.

On the basis of the claimant's history and his examination including laboratory tests and pulmonary function stud-

ies, Dr. Hayes was of the opinion that claimant had mild asthma by history; however, without present physical radiographic or physiologic abnormality of lung function other than that compatible with her size (Dr. Hayes having diagnosed obesity on the part of the claimant).

With regard to the etiology thereof, Dr. Hayes was of the opinion that any dusty environment or exposure to various irritating fumes could trigger an asthmatic attack but could not relate a direct cause and effect relationship between claimant's cotton dust exposure and her symptoms; Dr. Hayes further noting that the typical symptoms of Monday morning chest tightness progressing to fixed airway obstruction that have been classically called byssinosis were not historically present.

7. Plaintiff has asthma which was exacerbated by exposure to causes and conditions in her employment with the defendant employer; however, she does not retain any permanent functional pulmonary impairment as a result thereof nor did she incur any compensable disability attributable thereto following her removal (in October of 1976) from the exacerbating causes and conditions to which she was exposed in her textile employment.

*Hassell, Hudson and Lore, by Charles R. Hassell, Jr., for plaintiff appellant.*

*Smith, Moore, Smith, Schell and Hunter, by J. Donald Cowan, Jr., for defendant appellees.*

ARNOLD, Judge.

[1] Plaintiff's first argument is that the Industrial Commission erred in denying her claim for temporary total disability and medical expenses resulting from her occupational disease.

An occupational disease must be "proven to be due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation or employment, but excluding all ordinary diseases of life to which the general public is equally exposed outside of the employment." G.S. 97-53(13). If the medical evidence tends to show that plaintiff suffers from an ordinary disease of life to which the general public is equally exposed,

which is not proven to be due to causes and conditions which are characteristic of and peculiar to any particular trade, occupation or employment and which is not aggravated or accelerated by an occupational disease, her claim is not compensable. *Walston v. Burlington Industries*, 304 N.C. 670, 285 S.E. 2d 822 (1982).

Dr. Hayes' medical evaluation was that plaintiff had asthma and was allergic to grass, trees, house dust, tobacco, feathers, and fungi. The doctor concluded:

> This patient by history has mild asthma. I expect that any dusty environment or exposure to various irritating fumes could trigger an asthmatic attack. In such cases, it is frequently impossible to discern a direct cause and effect relationship between cotton dust exposure and symptoms. It should, however, be noted that the typical symptoms of Monday morning chest tightness progressing to fixed airway obstruction that have been classically called byssinosis are not historically present in this case.

Except as to questions of jurisdiction, findings of fact made by the Commission are conclusive on appeal when supported by evidence, even if there is evidence which supports a contrary finding of fact. *Morrison v. Burlington Industries*, 304 N.C. 1, 282 S.E. 2d 458 (1981). The medical evidence in this case overwhelmingly supports the Commission's findings that "plaintiff has asthma which was exacerbated by exposure to cause and conditions in her employment . . . however, she does not retain any permanent functional pulmonary impairment as a result thereof nor did she incur any compensable disability attributable thereto following her removal . . . from . . . textile employment." Since plaintiff suffered from asthma, an ordinary disease of life, and did not retain any permanent functional pulmonary impairment after she quit her job, she did not have an occupational disease.

[2] Plaintiff's second argument is that the Industrial Commission erred in denying her motion to present newly discovered evidence. Plaintiff contends that the new evidence must be received if good ground is shown. The pertinent portion of G.S. 97-85 provides:

> If application is made to the Commission within 15 days from the date when notice of the award shall have been

given, the full Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award. . . .

Whether good ground is shown is within the sound discretion of the Commission, and the Commission's determination in that regard will not be reviewed on appeal absent abuse of discretion. *Lynch v. M. B. Kahn Construction Co.*, 41 N.C. App. 127, 254 S.E. 2d 236, *review denied*, 298 N.C. 298, 259 S.E. 2d 914 (1979).

The so-called newly discovered evidence was Dr. Rhodes' evaluations which were made on 14 February 1977 and 2 November 1976. That evidence was used by Dr. Hayes in his evaluation, which was admitted into evidence. Dr. Rhodes concluded that plaintiff was allergic to dust, animal danders, cottonseed, flaxseed, and soybean, and a dusty environment exacerbates her symptoms. This is no different from Dr. Hayes' conclusions. In these circumstances, we find no abuse of discretion.

We have carefully considered plaintiff's assignments of error, and the order of the full Commission is affirmed.

Affirmed.

Judges WELLS and HILL concur.