CLIFTON D. CAULDER, Employee-Plaintiff v. WAVERLY MILLS v.
EMPLOYERS MUTUAL INSURANCE COMPANY, Carrier-Defendant

No. 8310IC481

(Filed 17 April 1984)

**Master and Servant § 68— workers' compensation—last exposure to hazards of byssinosis**

    The evidence supported a determination that plaintiff's last injurious exposure to the hazards of his occupational lung disease occurred while he was employed by defendant where there was medical evidence that plaintiff had byssinosis and that his exposure to synthetic dust in defendant's mill augmented that disease.

APPEAL by defendants Waverly Mills and Employers Mutual Insurance Company from the North Carolina Industrial Commission. Opinion and award entered 20 December 1982. Heard in the Court of Appeals 13 March 1984.

*Hassell & Hudson, by Robin Hudson and Charles E. Hassell, Jr., for plaintiff.*

*Hedrick, Feerick, Eatman, Gardner & Kincheloe, by Mel J. Garofalo, for defendants.*

WELLS, Judge.

The dispositive question in this case is whether plaintiff's last injurious exposure to his occupational lung disease occurred while he was employed by defendant Waverly Mills (Waverly). We answer that question in the affirmative and affirm the Industrial Commission's award.

    'In passing upon an appeal from an award of the Industrial Commission, the reviewing court is limited in its inquiry to two questions of law, namely: (1) whether or not there was any competent evidence before the Commission to support its findings of fact; and (2) whether or not the findings of fact of the Commission justify its legal conclusions and decision.'

(Citations omitted) *Hansel v. Sherman Textiles,* 304 N.C. 44, 283 S.E. 2d 101 (1981).

In order for plaintiff to be entitled to compensation, it was necessary for him to show that (1) he suffers from an occupational disease, defined by N.C. Gen. Stat. § 97-53(13) (1979) as a disease ". . . due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation or employment, but excluding all ordinary diseases of life to which the general public is equally exposed outside of the employment," (2) that the disease arose, at least in part, out of the conditions of the employer-defendant's work environment, *Frady v. Groves Thread*, 56 N.C. App. 61, 286 S.E. 2d 844, *disc. rev. allowed*, 305 N.C. 585, 292 S.E. 2d 570 (1982), and (3) that defendant is ". . . the employer in whose employment the employee was last injuriously exposed to the hazards of such disease . . .," N.C. Gen. Stat. § 97-57 (1979).

The medical evidence in this case conflicted concerning the question of plaintiff's occupational disease. Dr. Ted R. Kunstling testified that plaintiff was suffering from byssinosis; Dr. Douglas G. Kelling, Jr. testified that plaintiff did not have byssinosis. Defendants do not, however, challenge the Commission's findings that plaintiff suffered from occupational chronic obstructive lung disease or that plaintiff's disability was caused by such disease. Defendants do contend, however, that the evidence does not support the Commission's findings and conclusion that plaintiff's last injurious exposure to such disease occurred while he was employed by Waverly; and particularly that plaintiff had no injurious exposure after 15 July 1979, the date when defendant Employers Mutual Insurance Company became the workers' compensation carrier for Waverly.

In brief, the evidence shows that plaintiff was employed by Waverly from May 1967 to February 1980, when plaintiff retired due to his disability. During this entire period of time, the only cotton processed in the mills in which plaintiff worked was that contained in about 363 pounds of polyester-cotton blend material. There was no cotton processed after 15 July 1979. Plaintiff's work environment at Waverly was dusty but the overwhelming source of dust he was exposed to was from synthetic yarns. Dr. Kunstling testified that (1) plaintiff suffered from byssinosis; (2) even the small amount of cotton dust plaintiff was exposed to at Waverly was injurious to plaintiff; i.e., made his lung disease worse; and (3) that plaintiff's exposure to synthetic dust was also injurious; i.e., made plaintiff's lung disease worse.

Relying on our opinion in *Frady v. Groves Thread, supra,* defendants argue that the Commission's finding and conclusion that plaintiff's last injurious exposure occurred while employed at Waverly must fall. In *Frady,* we held that where there was no medical evidence to show byssinosis was initially caused by exposure to synthetic dust, the plaintiff's last injurious exposure to byssinosis could not have occurred in a mill where he was exposed only to synthetic dust. After our opinion in *Frady,* our Supreme Court ruled in *Rutledge v. Tultex Corp.,* 308 N.C. 85, 301 S.E. 2d 359 (1983) that under G.S. § 97-57, the term "last injuriously exposed" means an exposure which proximately augments an occupational disease, however slight. The court held that in a case such as this one, plaintiff need only show (1) that he has a compensable occupational disease and (2) that he was last injuriously exposed to the hazards of such disease while in defendant's employment.

We hold that in this case, where there was medical evidence to show that plaintiff had byssinosis and that his exposure to synthetic dust augmented that disease, the rule in *Rutledge v. Tultex, supra,* requires us to affirm the Commission's award.

Since there was evidence that plaintiff's injurious exposure continued beyond 15 July 1979, we affirm as to both defendants.

Affirmed.

Judges BRASWELL and EAGLES concur.