TIMOTHY EUGENE REGISTER v. ADMINISTRATIVE OFFICE OF THE COURTS

No. 8310IC1161

(Filed 16 October 1984)

**State § 8.2— tort claim—negligence of State employee not proximate cause of damages**

Plaintiff's damages from the revocation of his driver's license were not proximately caused by the negligence of an assistant clerk of court in reporting to the Department of Motor Vehicles that plaintiff had been convicted of driving under the influence when in fact he had pled guilty to careless and reckless driving where plaintiff had only a probationary license; a condition of probation required that plaintiff not be *charged* as a driver with any offense in which there was evidence of the consumption of an alcoholic beverage; plaintiff's probationary license was revoked for a violation of probation; and the evidence showed that plaintiff violated a probation condition by being charged with driving under the influence although he was only convicted of careless and reckless driving.

APPEAL by plaintiff from the decision and order of the North Carolina Industrial Commission. Decision filed 16 June 1983. Heard in the Court of Appeals 28 August 1984.

In this action plaintiff seeks recovery from the State under the State Tort Claims Act, G.S. 143-291 *et seq.*, for damages allegedly resulting from the negligent act of Virginia Way Lewallen, an employee of the Administrative Office of the Courts (AOC).

From the record before us it appears that the pertinent facts are as follows: Plaintiff was involved in a minor automobile accident on 22 August 1975 near Fayetteville in Cumberland County. Highway Patrolman M. D. Robertson investigated the accident. After observing plaintiff at the scene, Robertson suspected that he had been drinking, arrested him and charged him with public drunkenness. A routine check of plaintiff's driver's license with the North Carolina Department of Motor Vehicles (DMV) in Raleigh indicated that plaintiff's license had been revoked effective 17 November 1974. Robertson then charged plaintiff with driving while license revoked, possessing and displaying a driver's license knowing the same to be revoked, and driving under the influence of intoxicating liquor (DUI). Robertson immediately confiscated plaintiff's license.

The license that plaintiff was holding at the time had been issued to plaintiff as a probationary license. In 1968, plaintiff had been convicted of a third offense of DUI and his license had been permanently revoked. The probationary license was issued on 25 June 1974. The probation period was three years and the terms were as follows:

> Not be convicted of moving traffic violations, in this State or in other states, which require or would require if committed in this State, the assignment of as many as *6* points during this probation agreement. Not be charged with public drunkenness or any other offense or involved in an accident, as a driver in any state in which there was evidence of the consumption of alcoholic beverage.

> Violation of probation will result in a revocation for the same period as the remaining portion of the probation period.

The probation agreement was signed by plaintiff and dated 10 June 1974.

On 3 September 1974 plaintiff was arrested in Randolph County and charged with DUI. He refused to take the breathalyzer test and pursuant to the law then in effect his driver's license was automatically revoked for six months. G.S. 20-16.2(c). Plaintiff appealed this revocation, as provided in G.S. 20-16.2(d), and the revocation was rescinded on 8 October 1974.

Plaintiff was tried in the District Court on the DUI charge and found guilty on 15 January 1975. He appealed this verdict to Superior Court for a trial *de novo*. Plaintiff's first Superior Court trial ended in a mistrial on 2 April 1975. On 10 July 1975 plaintiff pleaded guilty to careless and reckless driving, and his prayer for judgment continued was granted upon payment of a $100 fine and court costs.

The Clerk of Superior Court was required to furnish the DMV with information as to traffic offense convictions in the Superior Court or District Courts of the county. A standard form, designated DL-47, was provided for this purpose. This job was usually handled by Mrs. Lewallen (then Ms. Virginia Way), whose position was Assistant Clerk. In forwarding the required information regarding plaintiff's careless and reckless driving conviction,

Mrs. Lewallen erroneously indicated on a DL-47 form dated 18 July 1975 that he had been convicted of DUI, as charged.

On 7 November 1974 notice was mailed to plaintiff at a Hickory address that his license was revoked until 25 June 1977, the remainder of the probation period. The revocation was effective 17 November 1974. The stated reason for the revocation was that plaintiff had violated his probation, although the notice is not specific as to the nature of the violation. Because plaintiff did not then live in Hickory, he did not receive the 7 November notice of revocation.

Believing that his DMV record incorrectly showed his license to be revoked when it was checked by Patrolman Robertson on 22 August 1975, plaintiff instituted a civil action against the State to correct the record and to get his license back. On 28 July 1976 a consent judgment was entered in that proceeding under which it was agreed that the 7 November 1974 revocation of license would be rescinded, his driver's license would be restored, and the action for violating probation based on the events occurring on 3 September 1974 would be dismissed with prejudice. Pursuant thereto, the charges of driving while license revoked and possessing and displaying a driver's license knowing the same to be revoked, still pending in Cumberland County, were dismissed on the motion of the Assistant District Attorney. The public drunkenness charge was also dismissed; but plaintiff was convicted on the DUI charge.

In the present tort claim, plaintiff alleges that Mrs. Lewallen's mistake, the incorrect entry on the DL-47 form, was negligence and that this negligence resulted in the wrongful revocation of his license. Because of the wrongful revocation, so plaintiff alleges, he incurred expenses defending the criminal charges against him and prosecuting the civil action to recover his license, was assaulted and harassed by police, lost wages, and suffered mental anguish. The State responded, denying the material allegations of the claim and asserting that Mrs. Lewallen's negligence did not cause plaintiff's alleged injury in that plaintiff's license was then revoked for violating probation.

As provided for in the Tort Claims Act, the claim was heard by a Deputy Commissioner of the North Carolina Industrial Commission on 8 July 1982. Finding facts essentially as stated above,

the Deputy Commissioner concluded that plaintiff's alleged damages were not caused by Mrs. Lewallen's negligence and dismissed plaintiff's claim. Plaintiff appealed this decision to the Full Commission, which adopted the Deputy Commissioner's findings and affirmed the order dismissing plaintiff's claim. Plaintiff appealed to this Court.

*Ottway Burton for plaintiff appellant.*

*Attorney General Edmisten, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

PHILLIPS, Judge.

The facts in this case are not in substantial dispute. The only question raised by plaintiff on appeal is whether the Industrial Commission erred in finding that plaintiff's alleged damages were not proximately caused by the negligence of AOC or its employee, Mrs. Lewallen, and concluding that he was not entitled to a recovery. We find no merit in plaintiff's contention and affirm the decision of the Full Commission.

In order for a person to recover under the State Tort Claims Act, it must be shown that a negligent act of a state employee, acting in the course of his or her employment, proximately caused the injuries or damages asserted. *Branch Banking & Trust Co. v. Wilson County Board of Education,* 251 N.C. 603, 111 S.E. 2d 844 (1960); G.S. 143-291. While it is not required that the state employee's negligence be the sole proximate cause of the injury complained of, it must be a proximate cause. *McGaha v. Smokey Mountain Stages, Inc.,* 263 N.C. 769, 140 S.E. 2d 355 (1965); *Branch Banking & Trust Co. v. Wilson County Board of Education, supra.* In reviewing the decision of the Industrial Commission, our consideration is limited to two questions: (1) whether the Commission's findings of fact are supported by competent evidence; and (2) whether the Commission's conclusions are supported by the findings of fact. *Mason v. N. C. State Highway Commission,* 273 N.C. 36, 159 S.E. 2d 574 (1968); *Tanner v. State Department of Correction,* 19 N.C. App. 689, 200 S.E. 2d 350 (1973).

In the instant case, the Commission found that plaintiff's license, at the time of his arrest on 22 August 1975, had been revoked for violation of his June, 1974 probation. The terms of that

probation, quoted in full above, included a requirement that plaintiff not be *charged* with any offense in which there was evidence of the consumption of alcoholic beverage. Documentary evidence in the record, as well as testimony from witnesses, shows that plaintiff was arrested on 3 September 1974 and charged with DUI. This alone was sufficient, under the terms of the probation, to justify the revocation of plaintiff's license for the remainder of the probation period. Notice of the revocation was mailed to plaintiff on 7 November 1974 and the revocation was in effect at the time of his Cumberland County arrest on 22 August 1975. That the revocation notice was sent to an address where plaintiff was not then residing is of no consequence; he signed the probation agreement and must be presumed to have been aware of its terms, and the revocation was not dependent upon plaintiff's receipt of the notice.

Anything that occurred regarding plaintiff's driver's license or his record at DMV after he was charged with DUI on 3 September 1974, even the fact that he was ultimately not convicted of that offense, is irrelevant here. The revocation was for a violation of probation and was effective as of 17 November 1974. Thus, the fact that plaintiff's record, as of 22 August 1975, indicated that his license was revoked on 17 November 1974 was not the result of Mrs. Lewallen's negligent mistake, which occurred on 18 July 1975. Any alleged damages flowing from the confiscation of plaintiff's license by Patrolman Robertson were not proximately caused by Mrs. Lewallen's error and the Industrial Commission so found.

Notwithstanding the subsequent rescission of the revocation, the restoration of plaintiff's license and the fact that three of the four charges lodged against him on 22 August 1975 were dropped, the evidence supports the Commission's findings. Since that is the case, the findings are conclusive. *Bailey v. N. C. Department of Mental Health*, 272 N.C. 680, 159 S.E. 2d 28 (1968). And since proximate cause is an essential element of a negligence claim and the Industrial Commission could not find that plaintiff's alleged damages were proximately caused by Mrs. Lewallen's negligence, the conclusion that plaintiff is entitled to no recovery was proper. Therefore, the decision and order of the Industrial Commission dismissing plaintiff's claim must be affirmed.

Affirmed.

Judges WEBB and JOHNSON concur.