* * * * * * * * * * *
Upon review of all of the competent evidence of record with references to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission affirms and modifies the Decision and Order of the Deputy Commissioner.
 * * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was previously incarcerated in the North Carolina Department of Correction. Plaintiff has since been paroled.
2. On February 22, 2000, plaintiff was transferred to Central Prison Hospital for a medical appointment. He was escorted by Officer R. Hammonds and Officer V. Locklear.
3. As plaintiff and the officers were going to the hospital, they had to pass through the security doors, which are opened and closed by an officer in the control booth. As they were approaching one of the sliding security doors, the officer controlling the door opened it part of the way, closed it, and then began to open it again. The door was not all the way open when plaintiff turned sideways to slide through. As he started through the doorway, the control booth officer began to close the door again, pinning plaintiff in the doorway.
4. The correctional officers standing in the receiving area rushed to the door to pull it open and also began yelling for the control booth officer to open the door. Plaintiff was trapped in the door for about 8 to 15 seconds. After the door was opened, plaintiff was asked if he was okay. He was then taken to the holding cell to be searched prior to his medical appointment, and then he was taken to the medical appointment.
5. As set out in his witness statement, Correctional Officer Locklear noticed that the control booth officer was consuming a drink and looking around the control area while opening doors. The Full Commission finds that the control booth officer failed to keep a proper watch for persons passing through the doorway that she was operating. The officer was responsible for making sure the doorway was clear before she began closing the door again. As a result of her failure to exercise due care, she began closing the door at an inappropriate time, causing plaintiff to be temporarily pinned in the doorway.
7. The medical evidence does not include any records of plaintiff's visit to Central Prison Hospital that day. However, when plaintiff returned to his prison unit that evening, he was checked by the unit nurse, R. Anderson. Plaintiff told Nurse Anderson about being pinned in the doorway and complained that he was sore in the waist area in the back. Nurse Anderson examined plaintiff and made a negative assessment, with no findings of muscle spasms, no bruises, and no cuts. Plaintiff was given Tylenol for his complaints of soreness.
8. Plaintiff was seen the next day by Dr. Collins at Lumberton Correctional Institution, with complaints of pain in his left shoulder and lower back. On February 25, 2000, plaintiff was sent for X-rays of his lumbar spine and left shoulder, both of which were negative for any bony abnormality such as fracture or dislocation. Plaintiff continued to complain to medical staff from time to time about pain in his lower back. Plaintiff also complained that his bunk did not give him enough support and caused backaches. He also requested stronger pain medicines.
9. In 1995, plaintiff injured his back when he fell from the top bunk at a prison unit. He also injured his leg in approximately 1997 in a motorcycle accident. Plaintiff testified that since the 1995 accident, he has used a cane or a walker to help him get around.
10. Although plaintiff often sought medical treatment while incarcerated, he sometimes refused or failed to show up for medical appointments. Plaintiff has refused at times to transfer from his prison unit to Central Prison Hospital for scheduled appointments.
11. Plaintiff did not present any medical evidence to prove that the incident on February 22, 2000 significantly aggravated his prior back condition or was the proximate cause of any permanent injury.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. On February 22, 2000, a correctional officer failed to exercise due care in viewing the sliding door area and was negligent in closing the door on plaintiff as he tried to pass through the area. As a result of the control booth officer's negligence, plaintiff was temporarily pinned in the doorway and sustained some temporary discomfort. N.C. Gen. Stat. § 143-291et seq.
2. In order for a person to recover under the Tort Claims Act, it must be shown that a negligent act of a state employee, acting in the course of his or her employment, proximately caused the injuries or damages asserted. Register v. Administrative Officeof Courts, 70 N.C. App. 763, 321 S.E.2d 24 (1984). In the case at bar, plaintiff did not prove that the negligence of a state employee proximately caused any injury. Thus, plaintiff is not entitled to recover damages from defendant. N.C. Gen. Stat. §143-291 et seq.; Register v. Administrative Office of Courts,supra.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Defendant is not assessed any damages.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This 29th day of June 2006.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER