TYSON, Judge.
Shannon Hampton and Larry James Hampton ("Plaintiffs") appeal the Full Industrial Commission's decision and order denying their claims for damages under the North Carolina Tort Claims Act. We affirm.
I. Background
Plaintiffs purchased two adjoining tracts of land ("Property") near Highway 321 in Caldwell County in 2004 and 2005. Plaintiffs' Property is situated in the bottom of a valley between two mountains. The lower tract consists of Plaintiffs' house and barn. The upper tract consists of an apple orchard. In 2005, the North Carolina Department of Transportation ("DOT") began a project to widen a portion of Highway 321 approximately 250 feet north of Ivan's Way. The project lasted until 2010 and increased the amount of impervious surface by .13 acres.
Plaintiffs built a barn on the lower tract in 2005. To build the barn, Plaintiffs "cut the mountain side back six to eight feet, graded the area, [and] changed the land's slope so that it inclined with the pasture." When they made their improvements to the Property, Plaintiffs filled in a man-made ditch, which previously carried water draining in the area through their Property into a nearby creek.
In 2006, Plaintiffs built three ponds with waterfalls in between them on the upper tract. To supply water to the ponds, Plaintiffs installed pipes to divert water from the nearby creek into the ponds, shifting the drainage and sediment distribution patterns to the low-lying areas of Plaintiffs' Property. Furthermore, Plaintiffs cleared large areas of trees on the upper tract. When Plaintiffs made the alterations, they did not prepare any erosion control plans.
In July 2008, Plaintiffs allege they, for the first time, discovered wide flowing water and mud running across the field, waterfalls, and ponds. Plaintiffs allege their Property is subject to damage every time it rains. Plaintiffs took steps to prevent further increased run-off by digging ditches, placing culverts under their driveway, scraping sediment that washes behind their barn, and placing rocks to stop erosion.
Plaintiffs filed a complaint against Defendant for damages under the North Carolina Tort Claims Act, N.C. Gen. Stat. § 143-291, et seq . Plaintiff's complaint alleged drainage damage to their Property resulting from Defendant's negligent design and installation of the drainage system during the Highway 321 widening project. Deputy Commissioner Gillen issued a decision and order on 10 February 2017 awarding Plaintiffs the sum of $103,269.00. Defendant appealed from the decision and order. The Full Commission issued a decision and order denying Plaintiffs' claims for damages. The Full Commission concluded, in relevant part:
5.... Plaintiffs were required but failed to present competent expert testimony that the actions of the employees of Defendant were a proximate cause of their alleged damages.
6.... Plaintiffs' actions were a proximate cause of property damage due to Plaintiffs' failure to exercise reasonable care in grading the property, diverting water, installing ponds, roads, ditches, pipes, and culverts, removing trees, building a barn, and properly maintaining the part of the man-made ditch running through their property. Assuming arguendo, Plaintiffs had met the burden of proving negligence on the part of Defendant, Plaintiffs' claim is barred due to their contributory negligence.
Plaintiffs appeal.
II. Jurisdiction
Jurisdiction lies in this Court from an appeal from the North Carolina Industrial Commission's decision and order pursuant to N.C. Gen. Stat. § 7A-29(a) (2017).
III. Issues
Plaintiffs argue the Full Commission erred in concluding as a matter of law: (1) Plaintiffs failed to present competent expert testimony Defendant proximately caused Plaintiffs' damages; and (2) Plaintiffs proximately caused their own damages and were contributorily negligent.
IV. Standard of Review
"Under the Tort Claims Act, when considering an appeal from the Commission, our Court is limited to two questions: (1) whether competent evidence exists to support the Commission's findings of fact, and (2) whether the Commission's findings of fact justify its conclusions of law and decision." Smith v. N.C. Dep't of Transp. , 156 N.C. App. 92, 97, 576 S.E.2d 345, 349 (2003) (citation and internal quotation marks omitted).
The Full Commission's findings are binding on appeal if supported by any competent evidence, even if evidence could support contrary findings. Carroll v. Burlington Industries , 81 N.C. App. 384, 387-88, 344 S.E.2d 287, 289 (1986). We review conclusions of law de novo . Lewis v. Sonoco Prods. Co. , 137 N.C. App. 61, 68, 526 S.E.2d 671, 675 (2000) (citation omitted), aff'd per curiam , 319 N.C. 395, 354 S.E.2d 237 (1987).
"Issues not presented and discussed in a party's brief are deemed abandoned." N.C. R. App. P. 28(a). Thus, when a party fails to contest the Industrial Commission's findings of fact on appeal, "the findings are presumed to be correct." Smith v. Richardson Sports Ltd. Partners , 172 N.C. App. 200, 204 n.2, 616 S.E.2d 245, 249 n.2 (2005) (citation and internal quotation marks omitted). Since Plaintiffs do not challenge the Full Commission's findings of fact, we presume all the findings are correct. See id. We review de novo whether the Full Commission's findings of fact support the contested conclusions of law. See id. at 213, 616 S.E.2d at 254 (citation omitted).
V. Analysis
A. Expert Testimony
Plaintiffs argue the Full Commission erred in concluding as a matter of law that they failed to present competent expert testimony their damages were proximately caused by Defendant's actions. We disagree.
"Under the Tort Claims Act, jurisdiction is vested in the Industrial Commission to hear claims against the State of North Carolina for personal injuries sustained by any person as a result of the negligence of a State employee while acting within the scope of [their] employment." Guthrie v. State Ports Authority , 307 N.C. 522, 536, 299 S.E.2d 618, 626 (1983) (citation omitted).
In actions initiated under the Tort Claims Act, issues of "negligence, contributory negligence and proximate cause ... are to be determined under the same rules as those applicable to litigation between private individuals." Barney v. Highway Comm. , 282 N.C. 278, 284, 192 S.E.2d 273, 277 (1972) (citation omitted). A plaintiff must show that "(1) defendant failed to exercise due care in the performance of some legal duty owed to plaintiff under the circumstances; and (2) the negligent breach of such duty was the proximate cause of the injury." Woolard v. N.C. Dept. of Transportation , 93 N.C. App. 214, 217, 377 S.E.2d 267, 269 (1989) (quoting Bolkhir v. N.C. State Univ ., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988) ).
The Department of Transportation has the authority, duty and responsibility to plan, design, locate, construct and maintain the system of public highways in this State. The Department is vested with broad discretion in carrying out its duties and responsibilities with respect to the design and construction of our public highways.
Hochheiser v. N.C. Dep't of Transportation , 82 N.C. App. 712, 717, 348 S.E.2d 140, 142-43 (1986) (citations omitted), aff'd per curiam , 321 N.C. 117, 361 S.E.2d 562 (1987).
"A conclusion of law is the court's statement of the law which is determinative of the matter at issue between the parties." Montgomery v. Montgomery , 32 N.C. App. 154, 157, 231 S.E.2d 26, 28-29 (1977) (citation and internal quotation marks omitted). Generally, expert testimony is required to establish proximate cause in a "downstream water flow" case. Davis v. City of Mebane , 132 N.C. App. 500, 504-05, 512 S.E.2d 450, 453 (1999). "Causation of flooding is a complex issue which must be addressed by experts." Id. at 505, 512 S.E.2d at 453 (citation and alteration omitted). Because the matter at hand is a "downstream water flow case" involving the causation of flooding on Plaintiffs' Property, the Full Commission did not err by requiring competent expert testimony to be presented on proximate cause. Id.
Competent evidence of proximate cause includes evidence that a plaintiff's injuries were caused by a defendant's actions with no intervening independent causes and the injurious result was reasonably foreseeable by a "person of ordinary prudence." Hairston v. Alexander Tank & Equipment Co. , 310 N.C. 227, 233-34, 311 S.E.2d 559, 565 (1984). "Foreseeability is thus a requisite of proximate cause, which is, in turn, a requisite for actionable negligence." Id. at, 233, 311 S.E.2d at 565.
Expert testimony that a defendant's actions "could" or "might have" caused a plaintiff's damages is insufficient to prove causation when there is additional testimony demonstrating the expert's opinion is speculative. Young v. Hickory Bus. Furn. , 353 N.C. 227, 233, 538 S.E.2d 912, 916 (2000). Evidence is typically not required in order to justify a finding that a party has failed to prove what it asserts. Bailey v. Dep't of Mental Health , 2 N.C. App. 645, 651, 163 S.E.2d 652, 656 (1968).
The findings indicate Plaintiffs' expert identified an increase in water drainage on Plaintiffs' Property following DOT's widening of Highway 321. However, none of the unchallenged findings and expert testimony concerning those findings indicate the increased runoff occurred but-for the Defendant's actions. Instead, unchallenged finding of fact 33 indicates Plaintiffs' expert testified Defendant's actions "could have potentially contributed to the property damage Plaintiffs alleged to have suffered."
By only speculating as to whether Defendant caused the increased runoff, Plaintiffs' expert, like the expert in Young , failed to demonstrate Defendant's actions were the "but-for" cause of Plaintiffs' damages. See Young, 353 N.C. at 233, 538 S.E.2d at 916.
No findings show Plaintiffs introduced expert testimony of the reasonable foreseeability of the injurious result they suffered. Plaintiffs' expert only testified Defendant's actions "could have potentially contributed to the property damage Plaintiffs alleged to have suffered." (Emphasis supplied). Plaintiffs' expert also failed to present testimony on the reasonable foreseeability element of proximate cause. See Hairston , 310 N.C. at 233-34, 311 S.E.2d at 565. Since the Full Commission's findings indicate Plaintiffs did not present competent expert testimony on either element of proximate cause, the findings support the conclusion Plaintiffs failed to present competent expert testimony that Defendant proximately caused their damages. Plaintiffs' argument is overruled.
Presuming, arguendo , Plaintiffs had presented competent expert testimony of proximate cause, Plaintiffs have not challenged the Full Commission's findings and conclusions of law on the "breach of duty" element of their negligence claim.
The Full Commission found, in relevant part:
27. [Defendant's expert] was accepted as an expert in engineering and hydraulics. He testified that, to the extent it is practicable from good engineering practices, Defendant's policy is to design and maintain roads so that no diversions of water are created. He stated that in building roads, there should be minimal water diversion and it is Defendant's practice to divert water to an existing outfall. [Defendant's expert] characterized the diversion made at the second outfall as a slight change and the decision to divert the water was based upon reasonable engineering practices. He also confirmed that the size of the pipes used to carry the water in the relevant drainage area was in compliance with Defendant's guidelines.
....
30. [Defendant's expert] opined that the implementation and completion of the Highway 321 project, including the drainage design and erosion control measures, were done in accordance with sound, reasonable, and acceptable engineering practices and was not the cause of any significant damage to Plaintiffs' property. ...
....
32. [Plaintiffs' expert] was retained by Plaintiffs in March 2011 because Plaintiffs believed the Highway 321 project had caused increased storm water runoff, which was causing ongoing damage to their property. [Plaintiffs' expert] visited Plaintiffs' property on March 9, 2011 then, using the same point of interest as identified by [Defendant's expert], determined if there was an increase in the rate of storm drainage runoff from Highway 321 to the point of interest. '[Plaintiffs' expert] concluded that following the completion of the Highway 321 project, there was between a 7.7 percent and a 10.2 percent increase in water drainage onto Plaintiffs' property. [Defendant's expert] noted in his report that an increase in runoff is inevitable when a road as large as Highway 321 is widened. [Plaintiffs' expert ] did not provide any opinion or testimony that Defendant's design, implementation, and completion of the Highway 321 project fell below applicable minimum engineering standards. [Emphasis supplied].
....
37. Defendant owes a duty to the general public to plan, design, locate, construct and maintain the public highways in the State of North Carolina, with reasonable care.
38. Plaintiffs failed to present competent evidence that any employees of Defendant were negligent in designing, implementing, or completing the Highway 321 project. Plaintiffs also failed to present evidence of any actions taken by any employees of Defendant during the Highway 321 project that were unreasonable or violated any policy, procedure, or engineering standard such that Defendant breached any alleged duty it owed to Plaintiffs. [Emphasis supplied].
These findings are unchallenged and are deemed supported by competent evidence on appeal. See Smith, 172 N.C. App. at 204 n.2, 616 S.E.2d at 249 n.2. Based upon these unchallenged findings of fact, the Full Commission concluded, in relevant part:
3.... The credible, competent evidence of record establishes that Defendant's design, implementation and completion of the Highway 321 project, including the drainage design and erosion control measures, were done in accordance with sound, reasonable, and acceptable engineering practices.
This unchallenged conclusion of law is supported by the unchallenged findings of fact. Even if Plaintiffs did present competent expert evidence of proximate causation, Plaintiffs have failed to assert arguments against the Full Commission's conclusion of law 3 that Defendant did not breach its duty of care, nor have Plaintiffs' challenged the Full Commission's findings of fact supporting conclusion of law 3. See N.C. R App. Pro. 28(6) ("Issues not presented in a party's brief are abandoned.").
Conclusion of law 3 provides an adequate basis to affirm the Full Commission's order. Even if Plaintiffs had provided competent evidence of proximate cause, they have not challenged the Full Commission's conclusion that they failed to prove Defendant breached any duty. Plaintiffs' negligence claim fails as a matter of law.
B. Plaintiffs' Contributory Negligence
Plaintiffs argue the Full Commission erred in concluding in the alternative that Plaintiffs were contributorily negligent and their actions proximately caused their damages.
Based upon our decision to affirm the Full Commission's decision and order with respect to Plaintiffs' failure to prove negligence, it is unnecessary to address Plaintiffs' argument on contributory negligence. See Lea v. Utilities Co. , 178 N.C. 509, 512, 101 S.E. 19, 20 (1919) ("The plaintiff must first prove that he was injured by the negligence of the defendant. If he fails to prove it, that is an end of the case. The defendant is not then required to prove contributory negligence" (citation omitted)).
VI. Conclusion
We affirm the Full Commission's conclusion Plaintiffs failed to present competent expert testimony that Defendant proximately caused their alleged damages. Plaintiffs did not meet their burden in proving negligence under the Tort Claims Act. Since Defendant's negligence was not proven, conclusions regarding Plaintiffs' own negligence and proximate causation are not consequential to Plaintiffs' recovery under the Tort Claims Act. The Full Commission's decision and order denying Plaintiffs' claim for damages under the Tort Claims Act is affirmed. It is so ordered.
AFFIRMED.
Report per Rule 30(e).
Judges ZACHARY and COLLINS concur.